J-S65027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD AL TOWNSEND, | |
| Appellant | No. 182 WDA 2016 |

Appeal from the PCRA Order of May 16, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012960-2003

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                     **FILED OCTOBER 7, 2016**

Appellant, Ronald Al Townsend, appeals from the order entered on May 16, 2014 denying his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court has previously set forth the factual background and procedural history of this case as follows.

> [O]n June 9, 2003, at approximately 10:15 a.m., Appellant entered the office of City Finance, Inc. in McKeesport, a small loan office that also sells repossessed automobiles.  He spoke briefly with Nicole Hanna, an employee of City Finance. He inquired about a vehicle with a for sale sign in the lot.  Ms. Hanna told him that the car was open and he could look at it if he wanted.  City Finance's owner, William Payne[,] was seated just behind Ms. Hanna, observed this conversation[,] and spoke briefly with Appellant himself.  Appellant was present in the office for a couple of minutes.
>
> Appellant returned later that afternoon.  He was wearing the same clothing.  He spoke with Mr. Payne and asked if he could

* Retired Senior Judge assigned to the Superior Court

take the car for a test drive. Mr. Payne said that he could but that for insurance purposes only an employee of City Finance could drive. Mr. Payne entered the driver's side and Appellant sat directly behind him. They were gone for about [ten] minutes. During the drive, Mr. Payne conversed with Appellant, periodically looking at him in the rearview mirror.

When they returned to the office Appellant said he was interested in buying the car and Mr. Payne went behind the counter in the office to retrieve the paperwork he would need to complete the sale. His back was turned towards the front of the office where Ms. Hanna was seated when he heard her scream. He turned and saw Appellant holding Ms. Hanna by the hair with one hand and, with the other, holding a knife to her throat. Appellant demanded money. As Ms. Hanna struggled with Appellant, she said, "Oh my God, you cut me." Mr. Payne then pulled Ms. Hanna from Appellant's grasp as he continued to lunge towards her with the knife. She fell to the floor and Mr. Payne told her to call 911. He then turned to Appellant and told him that he had already hit the silent alarm and that the police would be there any minute. After hesitating briefly, Appellant ran from the office.

Appellant was later apprehended by the police on other charges.

On August 6, 2003, Appellant was charged with robbery, aggravated assault, and possession of an instrument of crime.[1] Appellant's trial date was initially set for January 20, 2004 but, due to a series of postponements, Appellant was not tried until December 17, 2007. On December 19, 2007, a jury found Appellant guilty of the aforementioned charges. On November 25, 2008, Appellant was sentenced to an aggregate term of 15 to 30 years' imprisonment.

Appellant filed a timely post-sentence motion on December 5, 2008. After the appointment of new counsel on February 12, 2009, Appellant was given an additional 30 days to file an amended post-sentence motion. Appellant timely filed his amended post-sentence motion on March 13, 2009. Appellant's

---

[1] 18 Pa.C.S.[A.] §§ 3701([a])(1)(i), 2702([a])(1), and 907([a]), respectively.

amended post-sentence motion was denied by operation of law pursuant to [Pennsylvania Rule of Criminal Procedure] 720(B)(3)(b) on April 20, 2009, and Appellant filed a timely notice of appeal. On December 6, 2010, . . . this Court affirmed Appellant's judgment of sentence. [**See Commonwealth v. Townsend**, 23 A.3d 569 (Pa. Super. 2010) (unpublished memorandum)].

On December 30, 2010, Appellant filed a timely, counseled PCRA petition. On December 28, 2011, the [PCRA] court issued [notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907.] Appellant's PCRA petition was dismissed on August 10, 2012. Appellant filed a timely notice of appeal.

**Commonwealth v. Townsend**, 75 A.3d 567, 2013 WL 11272439, *1-2 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 77 A.3d 637 (Pa. 2013) (internal alterations, certain citations, and certain quotation marks omitted).

In this Court's previous memorandum in this collateral challenge, this Court concluded that the PCRA court properly dismissed Appellant's petition with respect to most of his claims; however, this Court concluded that an evidentiary hearing was necessary to determine if trial counsel was ineffective for failing to file a Rule 600 motion. **See id.** at *7-9. Although, this Court rejected Appellant's argument that continuances to which he did not consent were not excludable under Rule 600, this Court concluded that an evidentiary hearing was necessary to determine if three specific time periods were excludable and, if they were not excludable, whether the Commonwealth acted with due diligence to bring Appellant to trial. **See id.**

On remand, the PCRA court convened a PCRA hearing on February 14, 2014. Thereafter, the PCRA court denied Appellant's petition on May 16, 2014. Neither PCRA counsel nor Appellant received notice of the PCRA court's May 16, 2014 order. When Appellant became aware of the order, he filed a second PCRA petition seeking reinstatement of his collateral appellate rights *nunc pro tunc*. On February 1, 2016, the PCRA court reinstated Appellant's collateral appellate rights *nunc pro tunc*. This appeal followed.[2]

Appellant presents one issue for our review:

> Did the [PCRA] court err in denying Appellant's PCRA petition since trial counsel [] was ineffective for failing to file a [ R]ule 600 motion . . . ?

Appellant's Brief at 3 (complete capitalization removed).

As most PCRA appeals involve mixed questions of fact and law, "[o]ur standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015) (internal alteration, quotation marks, and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support

---

[2] On February 3, 2016, Appellant filed a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On June 1, 2016, the PCRA court issued an order incorporating by reference its May 16, 2014 opinion. Appellant's lone appellate issue was included in his concise statement.

for the findings in the certified record." ***Commonwealth v. Ruiz***, 131 A.3d 54, 57 (Pa. Super. 2015) (citation omitted).

Appellant's claim relates to the purported ineffectiveness of his trial counsel. A "defendant's right to counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013) (internal quotation marks and citation omitted). "Trial counsel is presumed to be effective[.]" ***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015) (citation omitted).

In order to overcome the presumption that counsel was effective, Appellant must establish that "(1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his client's interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1255 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014) (internal alterations, quotation marks, and citation omitted). "A claim of ineffectiveness will be denied if the defendant's evidence fails to meet any one of these prongs." ***Commonwealth v. Oliver***, 128 A.3d 1275, 1284 (Pa. Super. 2015)

(citation omitted). The burden of proving ineffectiveness is on the petitioner. **Commonwealth v. Slaughter**, 120 A.3d 992 (Pa. 2015).

We focus our attention on the first prong, *i.e.*, whether Appellant's underlying claim has arguable merit. Pennsylvania Rule of Criminal Procedure 600 provides, in pertinent part:

(A) . . . . (3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\* \* \*

(C) In determining the period for commencement of trial, there shall be excluded therefrom

\* \* \*

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \*

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the

circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. . . . If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600.[3]

This Court has explained:

To summarize, the courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600. As we have explained, Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Commonwealth v. Armstrong*, 74 A.3d 228, 236 (Pa. Super. 2013), *aff'd*,

107 A.3d 735 (Pa. 2014) (*per curiam*) (citation and ellipsis omitted).

We begin with calculation of the adjusted run date. Appellant was

charged on August 6, 2003. Thus, the mechanical run date was August 5,

---

[3] Rule 600 was rescinded on October 1, 2012 and a new Rule 600 was promulgated. 42 Pa.B. 6622. As the complaint was filed prior to October 1, 2012, this case is governed by the former Rule 600.

2004.[4]  Trial was originally scheduled for January 20, 2004.  Trial however, was continued on 14 separate occasions: January 20, 2004; April 28, 2004; August 30, 2004; December 1, 2004; March 10, 2005; July 7, 2005; November 7, 2005; March 13, 2006; July 12, 2006; October 3, 2006; December 19, 2006; February 26, 2007; May 16, 2007; and July 10, 2007.

Appellant argues that he did not consent to any of these continuances. As this Court previously noted, however, Rule 600 "says nothing about a defendant's consent. The plain language of Rule 600 indicates that time is excludable if it results from any continuance granted at the request of the defendant or the defendant's attorney." *Townsend*, 2013 WL 11272439 at *9 (internal quotation marks and citation omitted; emphasis removed).

As this Court also previously noted, Appellant concedes that the August 30, 2004 continuance was requested by his counsel. *Id.* at *8. Thus, the August 30, 2004 continuance was excludable. *Id.* Similarly, Appellant concedes that his attorney requested the March 10, 2005, July 7, 2005, November 7, 2005, March 13, 2006, July 12, 2006, October 3, 2006, December 19, 2006, February 26, 2007, May 16, 2007, and July 10, 2007 continuances. *Id.* Thus, the time from March 10, 2005 to the beginning of trial was excludable.

---

[4] This Court's prior memorandum incorrectly stated that the mechanical run date was August 6, 2004.

That leaves three disputed continuances, those granted on January 20, 2004, April 28, 2004, and December 1, 2004. At the PCRA hearing, the assistant district attorney who prosecuted the case testified that Appellant's counsel requested the January 20, 2004 continuance. N.T., 2/12/14, at 23. Appellant presented no evidence at the PCRA hearing which contradicted this testimony. Thus, we ascertain no abuse of discretion in the PCRA court's determination that Appellant's counsel requested the January 20, 2004 continuance. Therefore, the January 20, 2004 continuance was excludable.

As to the April 28, 2004 continuance, the PCRA court found that this postponement was requested by Appellant's counsel. In so finding, it relied upon the testimony of the assistant district attorney, who testified that Appellant's counsel requested that continuance. N.T., 2/14/14, at 24. The assistant district attorney's testimony was supported by Commonwealth Exhibit 1, a copy of the front of the Allegheny County District Attorney Office's case file. That copy showed that the April 28, 2004 continuance was requested by Appellant's counsel.

The PCRA court also inferred, based upon the parties' stipulation, that Appellant or his counsel requested the continuance. Specifically, the parties stipulated to the fact that trial counsel would testify that Appellant consented to the continuance because of plea negotiations. **See** N.T., 2/14/14, at 5-6. The trial court inferred that if Appellant consented to the continuance

because of plea negotiations, that his trial counsel requested the continuance.

In support of his argument that the April 28, 2004 continuance was not excludable, Appellant relies on a May 5, 2004 letter written by his trial counsel in which trial counsel informed Appellant that the case was continued because of the trial court's schedule. As this Court previously noted, this letter was sufficient to warrant a PCRA hearing on Appellant's Rule 600 issue. At the PCRA hearing, however, Appellant did not call his trial counsel to testify regarding the letter. The parties' stipulation regarding trial counsel's testimony did not address the contents of the May 5, 2004 letter trial counsel sent Appellant. Thus, it was not an abuse of discretion for the PCRA court to find, based upon the testimony of the assistant district attorney, the copy of the front of the case file, and its interference based upon the parties' stipulation, that Appellant's counsel requested the April 28, 2004 continuance.

As for the December 1, 2004 continuance, the PCRA court misinterpreted this Court's prior memorandum and did not discuss that continuance. **See generally** PCRA Court Opinion, 5/16/14. Nonetheless, with the January 20, 2004 and April 28, 2004 continuances being excludable, even if the December 1, 2004 continuance were non-excludable,

the adjusted run date was March 25, 2008.[5]  Appellant's trial began on December 17, 2007, prior to the adjusted run date.  Accordingly, Appellant's underlying claim lacks arguable merit and trial counsel was not ineffective for failing to file a Rule 600 motion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2016

---

[5] The only two periods of non-excludable time would be the 167 days between the date Appellant was charged and the first continuance and the 99 days between the December 1, 2004 and March 10, 2005 continuances. Thus, 1328 of the 1594 days were excludable.  Adding 1328 days to the August 5, 2004 mechanical run date results in an adjusted run date of March 25, 2008.