J-S93037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS JOHN VELEZ, | |
| Appellant | No. 817 EDA 2016 |

Appeal from the PCRA Order February 24, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-0004257-2010

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:              **FILED JANUARY 31, 2017**

Appellant, Dennis John Velez, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This case returns to us after remand.  The prior panel of this Court set forth the relevant background, as follows:

> Appellant and Christian Bueno set out in the early morning hours of September 8, 2007 intending to find a victim to rob.  A third person, Amarilys Soto[,] drove their vehicle.  The pair came upon Debra Robertson who was asleep in her van which was parked in the parking lot of Diamondz nightclub in Bethlehem.  During the course of the robbery, Bueno shot and killed Robertson.  Ultimately, when [A]ppellant became a suspect, he cooperated with

---

[*] Retired Senior Judge assigned to the Superior Court.

police, and helped in the prosecution of Bueno. Soto was not charged.

(**Commonwealth v. Velez**, No. 3104 EDA 2011, unpublished memorandum at *1 (Pa. Super. filed Sept. 17, 2012)).

On September 15, 2011, Appellant pleaded guilty to [murder of the third degree and conspiracy to commit robbery].[1] The only condition of Appellant's open plea agreement was that the trial court would run the sentences it imposed concurrently. In exchange for the plea, Appellant agreed to testify truthfully at Bueno's trial. On October 21, 2011, the trial court sentenced Appellant to an aggregate term of not less than twenty nor more than forty years' incarceration. On October 31, 2011, Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, claiming that it was excessive in light of his cooperation with police. The trial court denied the post-sentence motion on November 2, 2011.

On November 15, 2011, Appellant filed a timely direct appeal raising two issues challenging the discretionary aspects of his sentence. Specifically, he alleged that his sentence was the result of trial court bias, and that his sentence was excessive considering his cooperation with police. (**See Velez**, **supra** at *4). On September 17, 2012, this Court affirmed Appellant's judgment of sentence, concluding that he waived the issue of trial court bias by failing to raise it at sentencing or in his post-sentence motion, and that the issue challenging his sentence as excessive in light of his cooperation with police failed to raise a substantial question. (**See id.** at *4). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 13, 2013, Appellant filed a timely *pro se* petition pursuant to the [PCRA]. The PCRA court appointed counsel who filed an amended petition on October 16, 2013. In the petition, Appellant asserted that his plea was not knowing, intelligent, or voluntary. (**See** Amended PCRA Petition, 10/16/14, at unnumbered page 1). Appellant also claimed that trial counsel was ineffective[,] *inter alia*[,] for failing to preserve the issue of trial court bias in imposing the sentence, resulting in

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 903(c), respectively.

- 2 -

waiver of that issue on direct appeal. (**See id.** at unnumbered page 2). Appellant requested that the court grant him the right to withdraw his guilty plea, or alternatively, grant him permission to file a post-sentence motion *nunc pro tunc* to raise the issue of trial court bias at sentencing. (**See id.**).

On January 29, 2014, the PCRA court held a hearing on the amended PCRA petition, at which it heard no argument or testimony regarding Appellant's PCRA claims. Instead, the Commonwealth agreed with Appellant's counsel to ask the court to allow Appellant to file a post-sentence motion to reconsider sentence *nunc pro tunc*, in exchange for Appellant's agreement to withdraw his remaining PCRA claims. (**See** N.T. PCRA Proceeding, 1/29/14, at 2-3). The PCRA court agreed. On January 31, 2014, pursuant to the agreement of counsel, as expressly agreed to by Appellant, the PCRA court entered an order directing Appellant to file a post-sentence motion *nunc pro tunc* within ten days of January 29th, and confirming his withdrawal of all other PCRA issues. (**See** Order, 1/31/14).

On February 4, 2014, Appellant filed a timely post-sentence motion *nunc pro tunc*, which the trial court denied by order entered February 18, 2014. In a footnote to the February 18th order, the court concluded that Appellant's claim that it was biased or possessed ill will towards him at sentencing is "baseless." (Order, 2/18/14, at 1 n.1). On March 6, 2014, Appellant filed his notice of appeal, purporting to appeal from the trial court's February 18, 2014 order denying his *nunc pro tunc* post-sentence motion. The trial court directed Appellant to file a concise statement of errors complained of on appeal and he timely complied on March 27, 2014. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on March 31, 2014, in which it relied on and incorporated its February 18, 2014 order. **See** Pa.R.A.P. 1925(a).

(**Commonwealth v. Velez**, No. 799 EDA 2014, unpublished memorandum at *2-5 (Pa. Super. filed Feb. 24, 2015) (footnotes omitted)).

On February 24, 2015, this Court concluded that the PCRA court erred in reinstating Appellant's right to file a post-sentence motion *nunc pro tunc* where Appellant had not been denied his right to file a direct appeal in its

entirety. (***See id.*** at \*8). We vacated and remanded on the basis that "the PCRA court should have considered the merits of Appellant's ineffective assistance of counsel claim applying the traditional three-pronged test before granting or denying PCRA relief." (***Id.*** at \*9).

On February 23, 2016, the PCRA court held a hearing on the merits of Appellant's PCRA petition, which it denied on February 24, 2016. Appellant timely appealed.[2]

Appellant raises one question for this Court's review:

> Did the [PCRA] court err in finding that counsel was not ineffective for the following reasons: trial counsel was ineffective by failing to preserve the issue of whether the sentence imposed was a product of ill-will or bias by failing to raise the issue as the time of sentencing or in post[-] sentence motions?

(Appellant's Brief, at 4).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of

---

[2] On March 28, 2016, Appellant filed a timely statement of errors complained of on appeal pursuant to the PCRA court's order; the court filed an opinion the same day, in which it relied on its February 24, 2016 opinion. ***See*** Pa.R.A.P. 1925.

law, our standard of review is *de novo* and our scope of review is plenary. . . .

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations, quotation marks, and brackets omitted).

In this case, Appellant argues trial counsel was ineffective for failing to challenge, either at sentencing or in a post-sentence motion, the discretionary aspects of his sentence, on the basis of the trial court's bias or ill-will. (***See*** Appellant's Brief, at 9-10). In support of this claim, Appellant maintains the trial court, which initially appeared "sympathetic" to him, ultimately sentenced him to the statutory maximum because it was "annoyed" that he complained about the Commonwealth not charging Ms. Soto in the incident. (***Id.***). This issue lacks merit.

> [I]n order to obtain relief based on [an ineffective assistance of counsel ("IAC") ] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015), *appeal denied*, 141 A.3d 479 (Pa. 2016) (citations omitted).

We also observe that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015)

(citation omitted).

In the present case, the PCRA court observed:

[Trial counsel] negotiated a plea arrangement with the Commonwealth that entailed [Appellant] entering [an open] plea of guilty to the charge[s] of [c]riminal [h]omicide-[m]urder of the [t]hird [d]egree and [c]onspiracy to [c]ommit [r]obbery . . . . In addition to not pursuing the [f]irst [d]egree [m]urder charge, the Commonwealth agreed not to pursue the other counts of the [c]riminal [i]nformation. . . . [P]rior to sentencing, [trial counsel] reviewed the [p]re-[s]entence [i]nvestigation [(PSI)] [r]eport with [Appellant]. [Counsel] explained to [Appellant] the sentencing guidelines, his maximum exposure, and the [p]re–[s]entence [i]nvestigator's recommended sentence of not less than eighteen (18) years nor more than forty (40) years.

On October 21, 2011, at the time of sentencing, [Appellant] testified on his own behalf. (N.T. Sentencing, 10/21/11, at 7-14). He expressed his belief that eighteen (18) to forty (40) years or twenty (20) to forty (40) years was too severe of a punishment given his involvement and his cooperation. (*See id.* at 13-14). Detective Joseph Vazquez and the attorney for the Commonwealth spoke on [Appellant's] behalf. (*See id.* at 15-23). This [c]ourt listened carefully to the testimony of [Appellant], the attorney for the Commonwealth, and Detective Vazquez. Indeed, this [c]ourt considered all the required statutory factors in sentencing [Appellant]. In imposing [Appellant's] sentence, this [c]ourt considered the "protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, [Appellant's] rehabilitative needs, and the sentencing guidelines." 42 Pa.C.S.A. § 9721(b).

- 6 -

Also, prior to sentencing, this [c]ourt carefully reviewed the [PSI] prepared on October 14, 2011. The [c]ourt was aware of all of the information contained therein, including the facts from which the offenses arose. Also, this [c]ourt did not fail to consider mitigating factors. [Appellant] was sentenced under the terms of his negotiated plea agreement and he received the benefit of the bargain, albeit higher than he would have liked. [Appellant] was sentenced to an aggregate term of imprisonment of not less than twenty (20) years nor more than forty (40) years in a state correctional institution. This sentence was within the standard range of the sentencing guidelines and conformed with his plea agreement. No ill-will or bias was factored into this sentence. Indeed, this [c]ourt bore no ill-will or bias against [Appellant] at the time of sentencing and continues to bear no ill-will or bias against [him] to date.

(PCRA Court Opinion, 2/24/16, at 5-7) (case citations omitted; some record citation formatting provided).

Also, based on our independent review, we observe that there is nothing on the record that evidences any bias or ill will by the court. For example, at sentencing, the trial court allowed Appellant a full opportunity to speak on his own behalf before it heard from Detective Vasquez and the Commonwealth's counsel. (*See* N.T. Sentencing, 10/21/11, at 7-23). At the conclusion of argument, the trial court began explaining the reasons for its sentence, and observed, "the fair and equitable sentence, whether you like it or not, is life[] . . . because you involved yourself in a felony that caused the death of [the victim]. So that is felony murder." (*Id.* at 23). However, the court also considered Appellant's expressions of remorse, cooperation in the investigation, and the PSI sentencing recommendation, but pointed out that it had to balance these with "what [it thought was] the

right thing" in this "heartbreaking" case. (***Id.*** at 24, 25; ***see id.*** at 23). Thereafter, Appellant interrupted the court, which allowed him the opportunity to speak again, at length, and permitted him to argue about the Commonwealth's choice not to charge Soto. (***See id.*** at 25-27). The court then imposed a term of incarceration that contained concurrent guideline sentences pursuant to the terms of Appellant's open plea agreement. (***See id.*** at 3-4, 22-23, 27-28).

Hence, we conclude that there is no merit to Appellant's claim that the trial court abused its discretion by exercising bias or ill will in sentencing him. ***See Perry***, ***supra*** at 1289. Therefore, because "counsel will not be deemed ineffective for failing to raise a meritless claim[,]" we conclude that the PCRA court properly found that trial counsel was not ineffective. ***Commonwealth v. Jones***, 912 A.2d 268, 278 (Pa. 2006) (citation omitted); ***see also Perry***, ***supra*** at 1289.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/2017