J-S61026-15
J-S61027-15

2015 PA Super 262

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYAN PERRY | |
| Appellant | No. 265 MDA 2015 |

Appeal from the Order of November 18, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0002139-2011

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYAN PERRY | |
| Appellee | No. 420 MDA 2015 |

Appeal from the Order Entered on February 4, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0002139-2011

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

OPINION BY WECHT, J.:                          **FILED DECEMBER 14, 2015**

The Commonwealth appeals the February 4, 2015 order granting

Bryan Perry's petition for relief pursuant to the Post Conviction Relief Act

_____

[*]    Retired Senior Judge assigned to the Superior Court.

("PCRA"), 42 Pa.C.S. §§ 9541-46, and reinstating Perry's direct appellate rights *nunc pro tunc*. Also before this Court is Perry's direct appeal, which he has filed *nunc pro tunc* pursuant to the PCRA court's February 4, 2015 order. Because we conclude that the PCRA court erred in granting Perry's petition in the first instance, we reverse that order and dismiss Perry's contemporaneous direct appeal as moot.

On November 15, 2011, a jury convicted Perry of criminal attempt to commit homicide, aggravated assault, carrying a firearm without a license, persons not to possess firearms, and recklessly endangering another person.[1] The trial court sentenced Perry to an aggregate term of twenty-five to fifty years' imprisonment. After his conviction, Perry reviewed his trial transcript and discovered that the jury had unmarked evidence with it in the deliberation room. Although the record does not identify with precision the evidence that the jury mistakenly received, the following *ex parte* communication between the trial judge and the jury appears in the transcript.

> (The following occurred at 12:17 p.m. in the jury deliberation room, outside the presence of counsel and the defendant.)

| **The Court:** | Instead of dragging you all down, I figured I'd come up. I have your request to see both 9-1-1 transcripts. You have a copy? |
| **A voice:** | No. This is the only thing we got. |

---

[1]  18 Pa.C.S. §§ 901(a), 2702(a)(1), 6106(a)(1), 6105(a)(5), and 2705, respectively.

| **The Court:** | You weren't even supposed to get that. They weren't marked as part of the evidence. So whatever's marked as evidence comes up to you. Otherwise, you have to just use your recollection and recall based on the trial. So that's the answer. All right? Thank you, ladies and gentlemen. |

(Deliberations resumed at 12:19 p.m.)

Notes of Testimony ("N.T."), 11/15/2011, at 164. The trial court did not inform defense counsel or the Commonwealth that the jury had unmarked evidence with it in the deliberation room.

According to Perry, he pointed out the above-quoted exchange to his appellate counsel after reviewing the transcript, and asked her to pursue the issue on direct appeal. Nevertheless, counsel filed an appeal challenging only the discretionary aspects of Perry's sentence. On December 20, 2012, in an unpublished memorandum decision, this Court affirmed Perry's judgment of sentence. *See Commonwealth v. Perry*, 656 MDA 2012 (Pa. Super. Dec. 20, 2012).

On November 8, 2013, Perry filed a timely PCRA petition. Therein, Perry alleged various instances of ineffective assistance of trial and appellate counsel. Relevant to this appeal, Perry alleged that his appellate counsel was ineffective for failing to challenge on direct appeal the jury's receipt of unmarked evidence. On April 16, 2014, the PCRA court held a hearing on Perry's petition. Appellate counsel did not testify at that hearing.

On May 16, 2014, the PCRA court entered an order and opinion dismissing Perry's petition. Notwithstanding the fact that Perry raised the

issue of appellate counsel's ineffectiveness in his petition for relief, the PCRA court did not address that claim in its opinion. On December 30, 2014, this Court vacated the PCRA court's order dismissing Perry's petition and remanded the matter for an evidentiary hearing on the issue of whether appellate counsel had rendered ineffective assistance by failing to challenge on direct appeal the jury's receipt of unmarked evidence. *See Commonwealth v. Perry*, 917 MDA 2014 (Pa. Super. Dec. 30, 2014).

On February 4, 2015, the PCRA court held an evidentiary hearing. Perry did not subpoena appellate counsel, and she did not attend the hearing. Frustrated by appellate counsel's absence, the PCRA court took a brief recess "to make a phone call." N.T., 2/4/2015, at 4. When the hearing resumed, the PCRA court called to the stand and questioned appellate counsel's colleague (who also served as Perry's trial counsel) from the Dauphin County Public Defender's Office.

According to trial counsel, appellate counsel was never given notice of the PCRA hearing and was unavailable to testify because she was out of the state due to a family emergency. *Id.* at 7. Unsurprisingly, trial counsel could not provide any insight into appellate counsel's failure to assert on appeal that the jury was given unmarked evidence. Trial counsel testified only that the trial transcript indicates that the jury was given unmarked evidence and that appellate counsel did not raise the issue on direct appeal. She then purported to concede on behalf of the public defender's office that appellate counsel was ineffective. *See id.* ("[I]t appears that—it would be

my opinion, I believe the opinion of my superiors as well, that we would concede [appellate counsel's] ineffectiveness for not raising the issue because it's in the transcript[.]").  At the conclusion of the hearing, the PCRA court granted Perry's petition and reinstated his direct appeal rights *nunc pro tunc*.

On February 11, 2015, the Commonwealth filed a notice of appeal.  On February 19, 2015, the PCRA court issued an order directing the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The Commonwealth timely complied.  On April 22, 2015, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

The Commonwealth presents one issue for our consideration: "Whether the PCRA court erred in finding [Perry's] appellate attorney ineffective when [Perry's] appellate attorney was not presented as a witness at his PCRA evidentiary hearing and no testimony was offered from [Perry's] appellate attorney to be considered in the court's determination of appellate counsel's effectiveness[.]"  Brief for Commonwealth (420 MDA 2015) at 4 (capitalization modified).

> This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012).  Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." **Id.** Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such

- 5 -

deference to its legal conclusions." *Id.* (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." *Id.*

*Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), as the following three-factor inquiry:

> [I]n order to obtain relief based on [an ineffective assistance of counsel ("IAC")] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Reed*, 971 A.2d 1216, 1221 (Pa. 2005) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 165, 177 (Pa. 2010). Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence. *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006).

The PCRA court granted Perry's petition and reinstated his direct appeal rights *nunc pro tunc*. On appeal, the Commonwealth maintains that

the record does not support the PCRA court's conclusion that appellate counsel was ineffective. We agree.[2]

When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential. Counsel will not be deemed ineffective where the strategy employed had some reasonable basis designed to effectuate his or her client's interests. **See Commonwealth v. Lesko**, 15 A.3d 345, 380 (Pa. 2011) ("Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests."). Instantly, Perry failed to demonstrate that appellate counsel lacked a reasonable basis for failing to assert on appeal that Perry was entitled to a new trial because the jury had access to unmarked evidence during its deliberations. Because appellate counsel was not present at the evidentiary hearing, the PCRA court was left

_____

[2] Even if the record supported a finding that appellate counsel was ineffective, the PCRA court should have vacated Perry's judgment of sentence instead of granting Perry *nunc pro tunc* relief. Although an appellant is entitled to reinstatement of his direct appeal rights when counsel fails entirely to perfect an appeal, **see Commonwealth v. Halley**, 870 A.2d 795, 801 (Pa. 2005), "the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims." **Commonwealth v. Mikell**, 968 A.2d 779, 781 (Pa. Super. 2009). In those circumstances, an appellant must proceed under the auspices of the PCRA, and the court must apply the traditional three-prong test for determining whether counsel was ineffective. **Id.** at 782.

- 7 -

to speculate as to whether counsel declined to pursue this issue as a matter of strategy, or, by contrast, whether counsel negligently overlooked it.

In its 1925(a) opinion, the PCRA court does not discuss or analyze any of the **Pierce** factors. **See** Trial Court Opinion, 4/22/2015, at 3. Instead, the court relies entirely upon trial counsel's testimony at the PCRA hearing, wherein trial counsel purported to concede that appellate counsel was ineffective. Trial counsel's opinion of her colleague's effectiveness is irrelevant. Trial counsel had no idea why appellate counsel neglected to raise the unmarked evidence issue. Trial counsel simply pronounced appellate counsel's ineffectiveness based upon the former's review of the trial transcript.

Our Supreme Court has cautioned that, "[a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). "The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract." **Id.** Stated simply, the record before us is devoid of any evidence to overcome the presumption that counsel was effective. Perry's failure to demonstrate that appellate counsel had no reasonable basis for her actions is fatal to his IAC claim.[3] **See Rathfon**, *supra* (stating that a PCRA

---

[3] Perry also failed to demonstrate that he suffered prejudice as a result of counsel's performance. Because the transcript does not disclose, and the
*(Footnote Continued Next Page)*

petitioner bears the burden of pleading and proving each of the ***Pierce***

factors by a preponderance of the evidence).

Because the PCRA court's decision is unsupported by the certified

record, we reverse the February 4, 2015 order granting Perry's petition for

relief and reinstating his direct appeal rights *nunc pro tunc*.[4]    As a

*(Footnote Continued)* _____

trial court cannot remember, what unmarked evidence the jury had with it in the deliberation room, we fail to understand how the PCRA court concluded that appellate counsel's failure to raise the unmarked evidence issue caused Perry prejudice.  Confusingly, in response to Perry's assertion that the trial court erred by not informing the parties that the jury had unmarked evidence in the deliberation room, the court explained that the unspecified evidence was **not** prejudicial.  ***See*** Trial Court Opinion, 3/20/2015, at 9-10 ("[H]ad the evidence that the jury saw been prejudicial, we would have immediately informed counsel of the issue rather than merely tak[ing] the evidence from the jury room.  Perhaps we erred in judgment in not informing counsel, but as it did not appear to be a highly prejudicial event we chose not to.").  This conclusion should have led the PCRA court to dismiss Perry's PCRA petition.  ***See Reed***, 971 A.2d at 1221 (holding that a petitioner alleging IAC must demonstrate that he "suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error").

[4]    As noted by the learned Dissent, we previously remanded this matter and ordered "the PCRA court to conduct an evidentiary hearing on the issue of whether [appellate counsel] rendered ineffective assistance."  ***See Commonwealth v. Perry***, 917 MDA 2014, slip op. at 7 (Pa. Super. Dec. 30, 2014).  We explained that our decision was based upon the PCRA court's failure to address Perry's ineffectiveness claim.  ***Id.*** ("Where a petitioner has presented a claim to the PCRA court and that court has not addressed it, a remand is appropriate where the claim cannot be resolved on the record.").  Upon remand, the PCRA court conducted an evidentiary hearing and granted Perry's petition for relief.  Because the PCRA court held a hearing and rendered a decision, we decline to remand this matter yet again as advocated by the learned Dissent.  The fact that PCRA counsel did not subpoena the necessary witnesses or develop an adequate factual record does not entitle Perry to a third bite at the apple.

- 9 -

consequence, Perry's appeal at 265 MDA 2015, which arises from that order, is moot.

Order reversed. Jurisdiction relinquished.

Judge Panella joins the opinion.

Judge Strassburger files a concurring/dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2015