J-S53015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTIAN SCOTT THOMAS | |
| Appellant | No. 99 MDA 2016 |

Appeal from the PCRA Order December 21, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0000805-2001
CP-36-CR-0001147-2001
CP-36-CR-0002928-2001
CP-36-CR-0002950-2001
CP-36-CR-0002952-2001
CP-36-CR-0003050-2001
CP-36-CR-0003140-2001

BEFORE: BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 16, 2016**

Christian Scott Thomas appeals from the denial of his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

We previously set forth the relevant factual and procedural history:

Throughout the time from May 13, 2000 to January 19, 2001, [Appellant] committed numerous counts of burglary, robbery,

_____

* Former Justice specially assigned to the Superior Court.

and rape. [Appellant] was 14 and 15 years old during the time of his offenses. On June 6, 2003, [Appellant] entered a guilty plea and was later sentenced to 66-150 years' incarceration.[1] This Court affirmed the initial sentencing on August 6, 2004.

After the decision by this Court to affirm the original sentence imposed by the trial court, [Appellant] filed a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. The District Court ordered that the trial court resentence [Appellant]. The District Court held that the aggregate sentence of 66-150 violated [Appellant's] rights against cruel and unusual punishment based upon the United States Supreme Court decision in **Graham v. Florida**, 560 U.S. 48, 75 (2010). On October 2, 2013, the trial court resentenced [Appellant] to a new aggregate sentence of 40-80 years' incarceration.

**Commonwealth v. Thomas**, 105 A.3d 32 (Pa.Super. 2014) (unpublished memorandum at 1). We affirmed Appellant's second judgment of sentence, finding that it afforded him a reasonable opportunity to be released during his lifetime. **Id**. at 2. On December 3, 2014, Appellant filed a *pro se* petition for collateral relief. The court appointed new counsel, and on March 6, 2015, counsel filed an amended PCRA petition, which asserted that he was denied effective assistance of counsel during his October 2013 resentencing. An evidentiary hearing followed on August 24, 2015.

During the evidentiary hearing, Appellant offered the testimony of Barbara Clingan, Appellant's former teacher, and Danielle Thomas, his sister.

_____

[1] Appellant pled guilty to nine counts of robbery, three counts of burglary, two counts of rape, one count of criminal conspiracy, and pled *nolo contendere* to individual counts of burglary, robbery, and indecent assault.

Ms. Clingan testified that she had been in contact with Appellant for ten years. She noted that Appellant began mentoring wayward juveniles during that time, and that he assisted fellow inmates with legal issues, and she highlighted his educational achievements. Ms. Clingan opined that Appellant had matured during his incarceration. Ms. Thomas observed that Appellant focused on his education and became more patient while incarcerated. Following the hearing, the PCRA court denied Appellant's petition. This timely appeal followed.

Appellant presents one question for our review, "Whether the court below erred when it denied post-conviction relief for ineffective assistance of counsel where, at resentencing, after a remand, counsel failed to present readily available evidence of Appellant's maturation, rehabilitation and improvement since his convictions in 2002-03, at age 15, and in failing to object to the dispensation of a Presentence Report." Appellant's brief at 4.

Our standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa.Super. 2015) (citation

- 3 -

omitted). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id*.

Pennsylvania courts utilize a three-factor test regarding the effectiveness of counsel. A petitioner must establish all of the following:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa.Super. 2015) (citation omitted). Failure to satisfy any prong of this test requires rejection of the claim. *Id*. Furthermore, "trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." *Id*. To demonstrate prejudice, Appellant "must show there is some reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Michaud*, 70 A.2d 862, 867 (Pa.Super. 2013). Moreover, "when it is clear the party asserting an ineffectiveness claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone[.]" *Id*.

Appellant contends resentencing counsel failed to offer witnesses and documentary evidence tending to support his maturation and rehabilitation. Appellant's brief at 10. Specifically, he asserts resentencing counsel failed to

- 4 -

present a former teacher with whom he maintained communication, his sister, and an exhibit of diplomas evincing his educational achievements. *Id*. Appellant additionally asserts that resentencing counsel did not request a presentence report, which he maintains would have also provided evidence of his rehabilitation and maturation. *Id*. Without explicitly arguing the point, Appellant concludes that resentencing counsel's failings resulted in imposition of a harsher sentence.

We find no prejudice in resentencing counsel's failure to call the aforementioned witnesses. Their testimony at the PCRA hearing, *i.e.*, that Appellant had dedicated himself to assisting troubled youths and fellow inmates, achieved academic success, and matured during incarceration, merely confirmed what counsel represented and Appellant testified to at resentencing.

Counsel apprised the resentencing court of Appellant's numerous educational accomplishments, including receipt of his high school diploma, and certification in vocational skills such as construction, plumbing, and painting. Counsel also noted that Appellant participated in a program where he shared his experiences with juvenile offenders. Appellant testified on his own behalf and emphasized his work with troubled youths, his ongoing communication with a mentor, his educational accomplishments, and his participation in counseling. He asserted that he spent his time trying to "better himself." N.T. Resentencing, 10/2/13, at 3. Appellant implored the

- 5 -

court to provide him an opportunity to "try in society to do the same thing as I'm doing in prison." *Id*. at 4.

After hearing Appellant's testimony, the court, referring to Appellant, opined that, "you sound completely different than you did. You were a very angry young man at the time I was doing your sentencing." N.T. Resentencing, 10/2/13, at 5. The court added, "I wanted to hear what you had to say. The kind of number I had in my mind I actually lowered a little bit because I think that you sounded good here today." *Id*. This exchange reveals the court was persuaded by the evidence of Appellant's demonstrated maturation and rehabilitation, and, accordingly, fashioned a more lenient sentence than originally contemplated.

In sum, after reviewing the record, Appellant has failed to prove how the testimony of his former teacher and his sister, an exhibit displaying his educational achievements, or a new presentence report would have augmented this evidence and resulted in a lower sentence. Appellant simply failed to establish how he was prejudiced by counsel's failure to adduce this evidence. Furthermore, Appellant presented no evidence that a new presentence investigation would have contained additional information not otherwise elicited at the resentencing hearing. Rather, Appellant merely opines, "If counsel wasn't going to make a case for his client's maturation and rehabilitation, then perhaps the Adult Probation Department that prepares presentence reports might have." Appellant's brief at 10.

Appellant does not indicate how a new presentence report would have further supported his claimed maturation and rehabilitation. *See Commonwealth v. Johnson*, 517 A.2d 1311, 1317 (Pa.Super. 1986) (holding the failure to request a pre-sentence report is not *per se* ineffective, but rather, ineffectiveness "will only be found when the contents of the report would have caused the sentencing judge to impose a lesser sentence.").

Notably, Judge Madenspacher presided over many of Appellant's numerous motions, petitions, and hearings, including his original sentencing in 2003, and observed Appellant's maturation first hand, as indicated by his statements above. Nevertheless, the court opined that he was not surprised Appellant succeeded in the structured prison environment. He cautioned that, if released early, "[Appellant] would re-offend, be placed back into instructional conferment and do well again." Trial Court Opinion, 12/22/15, at (unnumbered page) 3. Hence, further evidence regarding Appellant's success while incarcerated would not have resulted in a lower sentence.

In 2003, Appellant entered a guilty plea to fifteen charges and was sentenced to sixty-six to one-hundred-and-fifty years incarceration. After considering the evidence proffered by Appellant, the court resentenced Appellant to forty to eighty years incarceration, with credit for time served. Since Appellant failed to demonstrate prejudice from resentencing counsel's alleged failings, we find no error in the denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016