J-S21035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREAM S. BUNDY, | : | |
| | : | |
| Appellant | : | No. 1419 WDA 2016 |

Appeal from the PCRA Order Entered September 1, 2016
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000202-2015

BEFORE:  LAZARUS, DUBOW, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 30, 2017**

Kaream S. Bundy (Appellant) appeals from the September 1, 2016 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In light of the issue presented, a complete factual history is unnecessary.  Pertinent to this appeal, on March 17, 2015, Appellant entered a negotiated guilty plea, pleading guilty to three counts of possession with the intent to deliver.[1]  On April 8, 2015, Appellant received an aggregate sentence of 42 to 108 months' incarceration.  No direct appeal was filed.

---

[1] At Appellant's guilty plea hearing, the Assistant District Attorney set forth the following factual history of this case: Upon learning of two men selling heroin and crack cocaine from a home in Johnstown, Pennsylvania, a search warrant was executed, wherein police found, *inter alia*, a large quantity of heroin, and Appellant, who was one of the men suspected of dealing drugs.

*Retired Senior Judge assigned to the Superior Court.

On August 21, 2015, Appellant *pro se* timely filed a PCRA petition seeking to withdraw his guilty plea. Counsel was appointed and an amended petition was filed. An evidentiary hearing was held on August 30, 2016. Following the hearing the PCRA court issued an opinion and order denying Appellant's petition. **See** Opinion and Order, 9/1/2016.

On September 16, 2016, Appellant timely filed a notice of appeal and complied with the PCRA court's order to file a concise statement pursuant to Pa.R.A.P. 1925. Appellant now raises the following issue for our review.

> I.   The [PCRA court] erred in denying [Appellant's PCRA petition] on the basis that [] Appellant's prior counsel was not ineffective; to the contrary, [] Appellant submits that his prior counsel was ineffective as he coerced [] Appellant into entering a plea in a manner that was not voluntary and knowing, as [] Appellant's prior counsel never request[ed] discovery for [] Appellant.

Appellant's Brief at 2.

Appellant's sole issue on appeal challenges the effectiveness of his counsel. Accordingly, we bear in mind the following.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)). "It is

well-established that counsel is presumed effective, and the defendant bears

the burden of proving ineffectiveness." *Commonwealth v. Martin*, 5 A.3d

177, 183 (Pa. 2010). To overcome this presumption, Appellant must show

each of the following: "(1) the underlying substantive claim has arguable

merit; (2) counsel whose effectiveness is being challenged did not have a

reasonable basis for his or her actions or failure to act; and (3) the petitioner

suffered prejudice as a result of counsel's deficient performance." *Id.*

Appellant's claim will be denied if he fails to meet any one of these three

prongs. *Id.*

Appellant argues that his trial counsel, Arthur McQuillan, Esquire,

failed to provide effective assistance because he did not request and obtain

discovery prior to Appellant's entry into a negotiated guilty plea. Appellant's

Brief at 8-9. Appellant contends this failure by counsel denied Appellant "the

opportunity to enter a [knowing and competent plea, because Appellant]

never had the opportunity to review what evidence the Commonwealth had

against him." *Id.* at 9.

In response, the Commonwealth noted that Attorney McQuillan was

not subpoenaed nor present at the PCRA hearing. Commonwealth's Brief at

5. The Commonwealth avers the absence of Attorney McQuillan's testimony

at the hearing on this alleged ineffectiveness is fatal to Appellant's claim.

***See Id.*** (citing ***Commonwealth v. Koehler***, 36 A.3d 121 (Pa. 2012))

("Failure to elicit testimony from trial counsel regarding the reasonable basis

for trial counsel's actions is fatal to a PCRA claim."). We agree.

> Our [Supreme Court's decision in ***Commonwealth v. Lesko****, 15 A.3d 345, 374 (Pa. 2011)] illustrates this point. There, the PCRA petitioner contended that trial counsel was ineffective for failing to request an appropriate limiting instruction when the trial court admitted evidence of the petitioner's prior bad acts. In rejecting the claim, we recognized that "[i]t is well settled that decision whether to seek a jury instruction implicates a matter of trial strategy." Because Lesko was given an evidentiary hearing and yet did not elicit from trial counsel his reasons for failing to request the cautionary charge, we concluded that Lesko failed to sustain his burden of demonstrating a lack of reasonable basis. We held that because Lesko did not establish any ground for deeming counsel *per se* ineffective, and did not establish a lack of reasonable basis through trial counsel's testimony at the PCRA hearing, he failed to sustain his burden of proof. ***See also Commonwealth v. Puksar****, [951 A.2d 267, 278 (Pa. 2008)] (rejecting ineffectiveness claim because, *inter alia,* PCRA counsel failed to question trial counsel during the PCRA hearing regarding his trial strategy for not calling a particular witness); ***Commonwealth v. Ervin****, 766 A.2d 859 (Pa. Super. 2000) (rejecting claim challenging trial counsel's failure to object to the prosecutor's questioning and argument on the reasonable basis prong of the ineffectiveness test because the PCRA petitioner was afforded an evidentiary hearing, but failed to question trial counsel regarding his trial strategy as it related to the claim of ineffectiveness).

***Koehler***, 36 A.3d at 146–47 (footnote and some citations omitted).

Here, Appellant raises an ineffectiveness claim based upon Attorney

McQuillan's failure to request discovery prior to the entry of his plea.

However, Appellant failed to request the presence of Attorney McQuillan at

the PCRA hearing to elicit his testimony.[2]  Without any record evidence to establish whether counsel had a reasonable basis, Appellant cannot prove that counsel's failure to request discovery was unreasonable.  Thus, as in the cases cited *supra*, Appellant has failed to meet his burden.  ***See Commonwealth v. Cam Ly***, 980 A.2d 61, 73 (Pa. 2009) ("A failure to satisfy any one of the three prongs of the test for ineffectiveness requires rejection of the claim.") (citation omitted).

In light of the foregoing, Appellant has failed to convince this Court that the PCRA court erred by dismissing his petition, and we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2017

---

[2] Notably, at the evidentiary hearing, Appellant's PCRA counsel asked the Commonwealth if it would consent to a continuance so that PCRA counsel could subpoena Attorney McQuillan to testify.  N.T., 8/30/2016, at 10. However, the record reveals that upon PCRA counsel's consultation with Appellant, Appellant declined to continue the hearing, deciding to proceed without Mr. McQuillan.  ***See Id.*** at 4, 10.