J-S76040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK EDMUNDS, | |
| Appellant | No. 2405 EDA 2016 |

Appeal from the PCRA Order June 23, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0000066-2007
CP-51-CR-0801971-2006

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MARCH 14, 2018**

Appellant, Derrick Edmunds, appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant claims his trial counsel was ineffective for failure to preserve a challenge to the weight of the evidence. We affirm.

This case has a long history but there is only one issue in this appeal. The underlying facts are not in substantial dispute. Acting with a cohort, Appellant fatally shot Jason Bryan and wounded Kevin Robertson. He gave an inculpatory statement to the police. He was tried jointly with the co-

_____

[*] Retired Senior Judge assigned to the Superior Court.

defendant, Eric Bundy, before a jury.[1]  The Honorable Renee Cardwell Hughes presided.  The jury convicted him of murder of the first degree and related charges.

On December 15, 2008, the court sentenced Appellant to a term of life imprisonment without the possibility of parole for the murder, followed by a consecutive term of not less than twelve nor more than twenty-four years of imprisonment on the remaining charges.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal.  (**See Commonwealth v. Edmunds**, 998 A.2d 1011 (Pa. Super. filed April 16, 2010) (unpublished memorandum), *appeal denied*, 9 A.3d 627 (Pa. 2010)).

On June 13, 2011, Appellant filed a PCRA petition, which, as amended, assigned error to trial counsel's failure to request a "no adverse inference" instruction,[2] or to challenge the weight of the evidence, and requested a new trial.  On December 17, 2014, the PCRA court granted a new trial on the adverse inference claim.

---

[1] In a related case, a panel of this Court has affirmed the dismissal of co-defendant Eric Bundy's PCRA petition without a hearing.  **See Commonwealth v. Bundy**, No. 2439 EDA 2015, unpublished memorandum at *1 (Pa. Super. filed June 21, 2017).

[2] The instruction directs the jury not to draw an adverse inference from a defendant's decision not to testify.  **See e.g., Commonwealth v. Hall**, 701 A.2d 190, 199 (Pa. 1997), *cert. denied*, 523 U.S. 1082 (1998).

On December 1, 2015, this Court vacated the order granting PCRA relief for trial counsel's failure to request a "no adverse inference" instruction to the jury. (*See Commonwealth v. Edmunds*, No. 189 EDA 2015, unpublished memorandum at *6 (Pa. Super. filed Dec. 1, 2015), *appeal denied*, 138 A.3d 2 (Pa. 2016)). This Court also remanded with instructions to the PCRA court to dispose of Appellant's remaining weight/ineffectiveness claim.[3]

On remand, the PCRA court dismissed the weight/ineffectiveness claim. This timely appeal followed.[4]

Appellant presents one question for our review:

> Did the PCRA [c]ourt err when it failed to grant a new trial upon the claim that trial counsel was ineffective for failing to preserve the issue of the weight of the evidence, where same was an issue of arguable merit?

(Appellant's Brief, at 3).

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we

---

[3] The panel did note that the PCRA court stated at the PCRA hearing that it agreed with the Commonwealth's assertion that "as to the weight of the evidence it's clear that that argument is denied." (*Edmunds*, filed Dec. 1, 2015, *supra* at *6 n.4 (citing N.T. Hearing, 12/17/14, at 3)).

[4] The PCRA court did not request a statement of errors. It filed an opinion on January 18, 2017. *See* Pa.R.A.P. 1925.

may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015), *appeal denied*, 141 A.3d 479 (Pa. 2016) (citations omitted).

To be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(iii).

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984)).

To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012) (citing *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001)). The failure to satisfy any one of the prongs will cause the entire claim to fail. *See id*.

- 4 -

Here, Appellant claims that trial counsel was ineffective because she failed to present a weight claim, which he maintains had arguable merit, and would have led to relief if it had been litigated. We disagree.

Appellant utterly fails to prove by a preponderance of the evidence (or otherwise) that his purported weight claim has arguable merit. His assertion of arguable merit consists of nothing more than the self-serving declaration that he had no time to "engage[ ] in premeditation."[5] (Appellant's Brief, at 12). He admits shooting at the vehicle which resulted in the murder of the victim.

More substantively, Appellant's weight claim merely resurrects his previously litigated challenges to the sufficiency (and the weight) of the evidence. (*See* Appellant's Brief, at 14; *see also Commonwealth v. Edmunds*, CP–51–CR–0000066–2007 (CCP Philadelphia, filed August 6, 2008), *affirmed*, 998 A.2d 1011 (Pa. Super. filed April 16, 2010) (unpublished memorandum); *appeal denied*, 9 A.3d 627 (Pa. 2010)).

Appellant's claim was previously litigated and lacks arguable merit. Therefore, his claim of ineffectiveness must likewise fail.

Order affirmed.

---

[5] Moreover he miscites *Commonwealth v. Drum*, 58 Pa. 9, 16 (1868), as having been decided in 1968. (*See* Appellant's Brief, at 13); *see also Drum*, *supra* at 16 ("It is equally true both in fact and from experience, that **no** time is too short for a wicked man to frame in his mind his scheme of murder, and to contrive the means of accomplishing it."). (emphasis in original).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/18