J-S63035-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE FOGG, | : | |
| | : | |
| Appellant | : | No. 1335 EDA 2018 |

Appeal from the PCRA Order April 24, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002601-2014

BEFORE:  GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 08, 2020**

Andre Fogg (Appellant) appeals from the April 24, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

The PCRA court provided the following procedural history.

> On November 24, 2013, [Appellant] was arrested and charged with robbery, theft, receiving stolen property[,] terroristic threats and simple assault.  [Appellant] was bound over for court on all charges following a preliminary hearing on March 6, 2014.  [Appellant] was convicted after a bench trial of [the aforementioned crimes].  [Appellant] was sentenced to five to ten years' imprisonment for the robbery[ and a consecutive term of] incarceration of one to two years for the terroristic threats.  Post-sentencing motions were denied and a timely appeal filed with the Superior Court, which [Appellant] discontinued on August 6, 2015 [in favor of pursuing a PCRA petition].
>
> [Appellant] filed a PCRA petition on February 5, 2016. Counsel was appointed and an amended petition subsequently filed.  The Commonwealth filed a motion to dismiss on December

_____

* Retired Senior Judge assigned to the Superior Court.

15, 2017. [Appellant] filed an amended petition and an evidentiary hearing was held on April 23, 2018.

PCRA Court Opinion, 4/24/2019, at 1-2.

Relevant to this appeal, Appellant argued in his PCRA petition that trial counsel, Jules Szanto, was ineffective for failing to secure the appearance of alibi witness Brian Anderson at trial. Amended PCRA Petition, 6/9/2017, at 3 (unnumbered). According to Appellant, this was a result of Attorney Szanto's conflict of interest because he was an employee of the Defender Association of Philadelphia (DAP), and another DAP employee had previously represented Anderson. *Id.* at 3-4 (unnumbered).

At the evidentiary hearing, the PCRA court heard testimony from Attorney Szanto, appellate counsel Karl Morgan, and Appellant. Attorney Szanto testified that he subpoenaed Anderson for Appellant's trial. When Anderson failed to appear, Attorney Szanto requested a continuance to secure his presence because Attorney Szanto believed Anderson would have been a helpful witness. Anderson failed to appear at the next trial listing even though he had been subpoenaed a second time. Attorney Szanto testified that he believed Anderson did not appear because he did not want to be arrested on an outstanding bench warrant for an unrelated 2012 driving under the influence (DUI) case. Attorney Szanto testified that he "pleaded" with Anderson to take care of the bench warrant and testify on Appellant's behalf, but Anderson refused and stopped answering Attorney Szanto's phone calls. N.T., 4/23/2018, at 8-10, 21-23. Attorney Szanto

testified that he explained this situation to Appellant, who responded, "Fuck it. Let's roll." ***Id.*** at 11. Attorney Szanto understood this to mean that Appellant wanted to proceed to trial without Anderson because Appellant found the complainant's story "far[-]fetched[.]" ***Id.*** at 11-12.

Attorney Szanto also testified that he became aware that another attorney from DAP had represented Anderson in connection with the 2012 DUI case. Despite this prior representation by a colleague, Attorney Szanto testified that he was concerned about Appellant's case and not Anderson's bench warrant. He further testified that he notified Appellant of a potential conflict of interest, but did not recall Appellant's response. ***Id.*** at 11-12, 22. Contrarily, Appellant testified that Attorney Szanto did not notify him of the potential conflict or Anderson's refusal to appear. ***Id.*** at 40, 42-43.

The PCRA court dismissed Appellant's PCRA petition on April 24, 2018. In concluding counsel did not render ineffective assistance, the PCRA court found Attorney Szanto's testimony that he subpoenaed Anderson twice, Anderson refused to appear, and Appellant decided to go to trial without Anderson, credible. PCRA Court Opinion, 4/24/2019, at 5. Further, the PCRA court found that Appellant had failed to prove a conflict of interest that adversely affected Attorney Szanto's performance. ***Id.*** at 7.

This timely-filed appeal followed.[1] Appellant's sole argument on appeal is that the PCRA court erred in dismissing Appellant's PCRA claim that counsel was ineffective for failing to call Anderson due to a conflict of interest.[2] Appellant's Brief at 10. We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

---

[1] Appellant filed the instant notice of appeal *pro se* and failed to file timely the court-ordered Pa.R.A.P. 1925(b) statement. Because there was no indication in the record that the PCRA court had permitted PCRA counsel to withdraw, this Court ordered the PCRA court to determine Appellant's representation status. As a result of that inquiry, counsel was appointed. Both Appellant and the PCRA court have now complied with Pa.R.A.P. 1925. The Commonwealth has not filed a brief with this Court.

[2] Although Appellant raised four issues in his statement of questions, Appellant addressed his issues as a single claim in the argument section of his brief, in violation of Pa.R.A.P. 2119(a). **Compare** Appellant's Brief at 4 (statement of the questions involved listing four claims as to how the PCRA court erred) **with** Appellant's Brief at 9-10 (argument section restating four claims but only presenting a single argument). Despite the violation, this Court will address Appellant's claim as it does not substantially impede our review.

> As originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, [] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa. Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffective assistance of counsel] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Sneed**, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations omitted).

Regarding Appellant's conflict-of-interest argument, we further observe the following. Our Supreme Court has held that an appellant cannot succeed on a conflict-of-interest claim absent a showing of actual prejudice. **Commonwealth v. Sepulveda**, 55 A.3d 1108, 1147 (Pa. 2012). Prejudice is presumed "when the appellant shows that trial counsel was burdened by an actual—rather than mere potential—conflict of interest. To show an

actual conflict of interest, the appellant must demonstrate that: (1) counsel actively represented conflicting interests; and (2) those conflicting interests adversely affected his lawyer's performance." *Id.* (citation and internal quotation marks omitted).

> In this respect, *i.e.,* in focusing on the "active" nature of the conflict, the Court's concern centers primarily on the potential for an attorney to alter his trial strategy due to extrinsic considerations stemming from other loyalties, thereby distorting counsel's strategic or tactical decisions in a manner that would not occur if counsel's sole loyalty were to the defendant. In this vein, courts sometimes assess adverse effect by questioning whether the record shows that counsel "pulled his punches," *i.e.,* failed to represent the defendant as vigorously as he might have done had there been no conflict.

*Commonwealth v. King*, 57 A.3d 607, 619 (Pa. 2012) (citations omitted).

Upon review, we find that the PCRA court's findings are supported by the record and are free of legal error. Accordingly, we conclude that Appellant has not established that Anderson was willing to testify, as is required to prove ineffective assistance of counsel for failure to call a witness. Moreover, Appellant has failed to establish an actual conflict of interest that adversely affected Attorney Szanto's representation of Appellant. Although a colleague at DAP had previously represented Anderson, the PCRA court believed that Attorney Szanto was solely concerned with the interests of Appellant. The PCRA court credited the testimony of Attorney Szanto that he pleaded with Anderson to testify on Appellant's behalf despite the outstanding bench warrant on an unrelated case, subpoenaing him twice in an effort to compel him to do so. We will

not disturb the credibility determinations of the PCRA court. Thus, the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/8/20