J-S10007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                 :             PENNSYLVANIA
                                 :

            v.                        :
                                 :
                               :

HOLLY ANN CRAWFORD          :
                               :

          Appellant      :   No. 903 MDA 2020

Appeal from the PCRA Order Entered June 24, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002431-2014

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:      **FILED: JUNE 3, 2021**

Holly Ann Crawford (Appellant) appeals from the order denying her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant and her boyfriend, James Roche, were convicted of murdering Appellant's former boyfriend, Ronald "Barney" Evans, and his son, Jeffrey Evans. In a prior decision, we summarized the factual and procedural background of this case as follows:

> Appellant admitted that on April 21, 2014, after a night of drinking and arguing [with Roche] about Appellant's previous relationship with Ronald Evans, Roche stated his intention to kill Ronald Evans. Appellant agreed to join Roche, and added that they should kill Jeffrey Evans as well. Roche and Appellant left their home with two firearms and returned approximately one hour later.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Police later found Ronald Evans and Jeffrey Evans in their home shot to death. A broken portion of the trigger guard police recovered from the Evans' home belonged to one of the firearms Appellant and Roche had taken from their own home, a .22 caliber rifle. When police attempted to arrest Appellant and Roche, they both fled into the woods near their home with seven knives and a wooden display case taken from the Evans' residence, as well as a loaded .44 caliber revolver.

After initially denying any involvement in the shooting and denying knowing Ronald and Jeffrey Evans, Appellant eventually admitted to being present at the time of the shooting. Appellant told police that she acted as a decoy when Ronald Evans initially refused to answer the door for Roche.

In addition, witnesses described Appellant's suspicious behaviors indicating her consciousness of guilt, including plans to flee to Philadelphia using her mother's vehicle and bank card, fleeing into the woods with Roche after Appellant's mother called the police, and statements to family members to watch the news because she "did something real bad." Trial Court Opinion, filed 3/1/16, at 15. Appellant admitted to her daughter that she shot Ronald and Jeffrey Evans in the head and that she had no remorse, stating "[i]t was just like shooting a deer." *Id.* at 16.

\* \* \*

A jury trial ensued, at which numerous witnesses testified. . . . On September 23, 2015, the jury convicted Appellant of two counts each of First–Degree Murder and Criminal Conspiracy. On December 4, 2015, the trial court imposed a term of life imprisonment.

*Commonwealth v. Crawford*, 159 A.3d 1003, 2016 WL 7239827 at *1-2

(Pa. Super. Dec. 14, 2016) (unpublished memorandum).

Appellant filed a direct appeal, and the Superior Court affirmed her judgment of sentence on December 14, 2016; the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 23, 2017.

*Commonwealth v. Crawford*, 169 A.3d 545 (Pa. 2017) (Table).

On June 12, 2017, Appellant filed the underlying timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on March 2, 2018. On April 30, 2018, Appellant, through counsel, filed a motion for a **Grazier**[1] hearing. The PCRA court held a **Grazier** hearing on May 10, 2018, and issued an order that same day finding Appellant competent to waive counsel and permitting her to proceed *pro se* with appointed counsel serving as standby counsel. On June 15, 2018, Appellant filed a *pro se* brief in support of her PCRA petition. The Commonwealth filed a reply brief on October 10, 2018. On April 16, 2019, Appellant retained private counsel (PCRA Counsel). On November 7, 2019, PCRA Counsel filed a motion requesting permission to file an amended petition. The PCRA court granted the motion and PCRA Counsel filed an amended petition on December 3, 2019. The Commonwealth filed a reply in opposition.

On February 24, 2020, the PCRA court held an evidentiary hearing to address Appellant's claims of ineffective assistance of trial counsel. On June 24, 2020, the PCRA court entered an order denying relief. Appellant filed this timely appeal. The PCRA court did not order a Rule 1925(b) statement of questions presented. **See** Pa.R.A.P. 1925.

On appeal, Appellant presents the following two issues for review:

1. Did the PCRA [c]ourt err by denying [Appellant's] claim of ineffective assistance of trial counsel for failing to call her alleged co-conspirator to testify on her behalf and thus abandoning [Appellant's] chosen defense?

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

2. Did the PCRA [c]ourt err by denying [Appellant's] claim of ineffective assistance of trial counsel where her defense team failed to move for a mistrial after the prosecutor said during opening and closing arguments that [Appellant] fabricated her defense after she met with her lawyers, particularly where such an assertion was not supported by any evidence in the record?

Appellant's Brief at 2 (issues transposed for ease of discussion).

Preliminarily, we recognize:

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

In both of her issues, Appellant assails the effectiveness of trial counsel.

Our Supreme Court has explained:

It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal.

>*See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa.
>2007) (explaining that "appellants continue to bear the burden of
>pleading and proving each of the Pierce elements on appeal to this
>Court"). A petitioner's failure to satisfy any prong of this test is
>fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (citations

modified).

In her first issue, Appellant argues trial counsel was ineffective for failing

to call her co-defendant and boyfriend, James Roche, as a defense witness.

Appellant asserts that Roche's testimony "would have confirmed that

[Appellant] had no role in the homicides; that [Roche's] actions were taken of

his own volition; and that [Appellant] never had or evinced the intent to kill

either of the Evans'." Appellant's Brief at 19.

>When raising a claim of ineffectiveness for the failure to call a
>potential witness, a petitioner satisfies the performance and
>prejudice requirements [ ] by establishing that: (1) the witness
>existed; (2) the witness was available to testify for the defense;
>(3) counsel knew of, or should have known of, the existence of
>the witness; (4) the witness was willing to testify for the defense;
>and (5) the absence of the testimony of the witness was so
>prejudicial as to have denied the defendant a fair trial.
>
>Prejudice in this respect requires the petitioner to "show how the
>uncalled witnesses' testimony would have been beneficial under
>the circumstances of the case." Therefore, the petitioner's burden
>is to show that testimony provided by the uncalled witnesses
>"would have been helpful to the defense."

*Commonwealth v. Selenski*, 228 A.3d 8, 16 (Pa. Super. 2020) (citations

omitted).

Upon review, we find no merit to this issue. Appellant has met the first,

third and fourth prongs stated above; Roche existed, trial counsel knew of his

existence, and Roche expressed a willingness to testify.[2]  However, Appellant

cannot satisfy the second and fifth prongs.  Regarding the second prong – the

witness's availability to testify – Attorney Paul Galante, Roche's trial counsel,

testified at the PCRA hearing that prior to trial, Appellant's trial counsel

contacted him seeking permission to interview Roche for Appellant's defense.

N.T., 2/24/20, at 79.  Attorney Galante denied the request after explaining to

Roche it was a "bad idea," because Roche testifying at Appellant's trial would

be "tantamount to pleading guilty to the charge . . . ."  *Id.*  Further, Attorney

Galante testified that had trial counsel subpoenaed Roche to testify at

Appellant's trial, he would have advised Roche to assert his Fifth Amendment

right against self-incrimination.  *Id.* at 80.  Attorney Galante confirmed that

Roche agreed with his legal advice and trial strategies.  *Id.*

Likewise, Appellant cannot satisfy the fifth prong – that the absence of

testimony was prejudicial.  In addition to finding Roche's testimony lacking in

credibility, *see* PCRA Court Opinion, 6/24/20, at 5 (unnumbered), the court

determined Roche's testimony "would have been repetitive of [Appellant's]

own testimony and could only have been used to corroborate [Appellant's]

own testimony."  *Id*.

Finally, Appellant's trial counsel testified that he strategically did not call

Roche as a witness at trial, stating "there were a number of interrelated

charges involving criminal conspiracy that made me scared to call Mr. Roche."

---

[2] Roche testified at the PCRA hearing that he would have testified on behalf of Appellant at trial.  *See* N.T., 2/24/20, at 10, 14.

N.T., 2/24/20, at 33. Appellant's trial counsel employed a defense strategy he reasoned would put Appellant in the best position to defend the criminal charges. In fact, the theory Appellant attempted to advance at trial was that Roche "was an abusive, domineering boyfriend." *Id.* at 48. To advance this theory, trial counsel testified that he tried "to distance [Appellant and Roche] from each other and [her] involvement in the crime." *Id.* Accordingly, a reasonable basis existed for trial counsel's defense strategy in not calling Roche as a witness. Thus, the PCRA court did not abuse its discretion in rejecting this claim of ineffectiveness.

In her second issue, Appellant argues trial counsel was ineffective for failing to object to three remarks made by the prosecutor during opening statements and closing arguments. Appellant contends the "prosecutor's thrice uttered remarks cannot be viewed in a vacuum. Any chance [Appellant] had at a fair evaluation of her testimony was destroyed by the prosecutor's explicit allegation that she fabricated her testimony after she met with her lawyers." Appellant's Brief at 16.

Two of the remarks Appellant challenges were made by the prosecutor during the prosecutor's opening statement. He said:

> You're going to hear from [Appellant's] friend Margaret Moran, Maggie, her cell mate, somebody who she had enrolled [*sic*] as a confidant while at the jail. They became friendly with each other; and they told things about their lives, personal things; and, [Appellant] tells her three versions of what happened that night.

\* \* \*

The second version, you'll hear from Margaret Moran that **this is after [Appellant] has an attorney**. Barney has a gun, but he didn't point it at anybody. [Appellant] lures Barney out of the house. Barney then threatens to kill either [Appellant] or [Roche]. So, [Roche] shoots him, and they went there to retrieve [Appellant's] medication. Again self defense? Justification? **She has an attorney.**

N.T., 9/15/15, at 34-35 (emphasis added).

The third remark occurred during closing arguments. The prosecutor stated:

Soon after, the son, Jeff, appears and does something. He, either, turns further into the house, and they're concerned he's either going for a phone or a weapon, and Roche shoots Jeff. He falls. He checks to see if they're dead. He said, "Holy fuck. They're dead."

He takes things from around the house to make it look like a robbery, **which they then abandoned this theory once they get lawyers**. Now they're going for a mental deficit; drinking, drugs. They need a reason why they were there, the Klonopin, justification.

N.T., 9/21/15, at 1076 (emphasis added).

Following the above remark, Appellant's trial counsel objected, stating, *inter alia*, "It's about a Defendant's right to Counsel." *Id.* at 1077. The trial court did not expressly rule on the objection; however, the court told the prosecutor, "I believe[] you were commenting on what [Moran] is alleged to have said, but tone it down. Stay away from that area," to which the prosecutor responded, "Okay." *Id.* Trial counsel subsequently moved for a mistrial, and the court directed the stenographer to transcribe the relevant statements and distribute copies to trial counsel and the prosecutor. *Id.* at 1085-86. After reviewing the prosecutor's statements, trial counsel withdrew

his motion for a mistrial, but asked the court to issue a cautionary instruction[3] during the jury charge. The trial court issued the following instruction to the jury:

> I'm instructing you that the Assistant District Attorney did not suggest, and you may not infer, that Defense Counsel acted unethically or inappropriately or were requested to engage in any misconduct by the [Appellant].
>
> The reference to lawyers, was allegedly made by the [Appellant] to Margaret Moran, and you may not infer anything adverse about [Appellant] obtaining lawyers, as it is her Constitutional Right to present a defense.

N.T., 9/22/15, at 1097-98.

> Pertinently, our Supreme Court has explained:
>
> Comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict.

***Commonwealth v. Tedford***, 960 A.2d 1, 33 (Pa. 2008) (citation omitted).

A "prosecutor must be free to present his or her arguments with logical force and vigor," and, as such, this Court has permitted prosecutorial advocacy "as long as there is a reasonable basis in the record for the [prosecutor's] comments." ***Commonwealth v. Robinson***, 864 A.2d 460, 516–17 (Pa. 2004). Prosecutorial comments based on the evidence or reasonable inferences therefrom are not objectionable, nor are comments that

---

[3] The Commonwealth drafted the cautionary instruction, which was edited by Appellant's trial counsel. Trial counsel indicated on the record that he was satisfied with the agreed-upon instruction. N.T., 9/21/15, at 1088.

merely constitute oratorical flair. *Tedford*, 960 A.2d at 33. Further, the prosecution must be permitted to respond to defense counsel's arguments. *Id.* Any challenged prosecutorial comment must not be viewed in isolation, but must be considered in the context in which it was offered. *Robinson*, 864 A.2d at 517. It is improper for a prosecutor to offer his or her personal opinion as to the guilt of the accused or the credibility of any testimony. *Commonwealth v. DeJesus*, 860 A.2d 102, 112 (Pa. 2004). However, it is well within the bounds of proper advocacy for the prosecutor to summarize the facts of the case and ask the jury to find the accused guilty based on those facts. *See id.*

Upon review, we find no merit to Appellant's second issue. The trial court instructed the jury that opening statements and argument of counsel do not constitute evidence. N.T., 9/15/15, at 13-14. "The jury is presumed to have followed the court's instructions." *Commonwealth v. Flor*, 998 A.2d 606, 632 (Pa. 2010). In addition, we agree with the PCRA court that the prosecutor's references to "lawyers" was used to attack Appellant's credibility, not to claim that trial counsel collaborated with Appellant in fabricating a defense or to imply guilt because Appellant retained counsel. *See* PCRA Court Opinion, 6/24/20, at 13 ("The Prosecutor's alleged misstatements were permissible attacks on the [Appellant's] credibility, based on Ms. Moran's testimony. At no point did Ms. Moran or the Prosecutor claim that trial counsel collaborated with [Appellant] in fabricating a defense, nor was it the Prosecutor's intention.").

Further, Appellant's trial counsel advocated and advised as to curative instructions to avoid any adverse inference or prejudice to Appellant. ***See Commonwealth v. Harris***, 884 A.2d 920, 931 (Pa. Super. 2005) (citing ***Commonwealth v. Baez***, 720 A.2d 711, 729 (Pa. 1998) (a cautionary instruction can cure a claim of prosecutorial misconduct). Under these circumstances, trial counsel's actions in response to the prosecutor's remarks were appropriate and reasonable. Thus, this claim of trial counsel's ineffectiveness does not merit relief.

For the above reasons, the PCRA court did not abuse its discretion in rejecting Appellant's claims of trial counsel's ineffectiveness and denying relief. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/03/2021