J-S45038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
              :     PENNSYLVANIA
              :
     v.         :
              :
              :
ANTHONY PARKER      :
              :
     Appellant    :  No. 2897 EDA 2018

Appeal from the PCRA Order Entered August 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006538-2011

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:    **FILED: DECEMBER 29, 2020**

Anthony Parker (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

S.C. (Victim) testified that on multiple occasions when Victim was between the ages of five and seven years old, Appellant sexually assaulted her.

> On one occasion . . . Appellant entered the bathroom of the house when she was nude . . . and another when he asked her to go to bed nude, saying the next morning that he checked during the night and was angry because she did not comply with his request. She described an incident where Appellant began rubbing [Victim's] leg while he sat with her in the family dining room assisting [Victim] with homework.  [Victim] went on to testify about an incident where Appellant was sitting with her on the living room couch watching television.  She stated that Appellant unzipped his pants, pulled out his penis, and made her put her mouth on it.  Finally, [Victim] described an occasion when she was sitting on the living room floor watching television when Appellant

pulled down her underwear and began touching her inside of her vagina. She testified that on that occasion, Appellant was on the floor with her and that he placed his penis inside her vagina. [Victim] stated that she did not report these incidents to anyone because Appellant threatened that if she told anyone he would hurt her family.

Trial Court Opinion, 9/5/14, at 2.

Victim's mother testified that she was previously in a relationship with Appellant. In 2004, Appellant moved into Victim's mother's home and later they had a son, Victim's brother. Victim's mother testified that Appellant became physically and mentally abusive toward her and their relationship ended. In 2011, Victim told a neighbor about the sexual abuse. The neighbor immediately contacted Victim's mother and biological father to report the abuse. After unsuccessful attempts to locate Appellant,[1] Victim's parents contacted police.

On May 11, 2011, Appellant was arrested and charged with rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a person less than 13 years of age, unlawful contact with a minor, endangering the welfare of children, indecent assault of a person less than 13 years of age, and corruption of minors.[2]

A prior panel of this Court recounted additional facts and the procedural history that ensued:

_____

[1] Victim's parents testified that they searched for Appellant for "almost a month" and admitted that they were "searching for Appellant to do him harm for what he had done to" Victim. Trial Court Opinion, 9/5/14, at 3.

[2] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(a)(7), 6318(a)(1), 4304(a)(1), 3126(a)(7), and 6301(a)(1)(i).

As part of the victim's recovery and counseling process, she was asked to write a letter to Appellant that described her feelings and what she would say to him. N.T. Trial, 9/25/13, at 66. At Appellant's first trial, the court excluded that letter. Because of a hung jury, that trial ended in a mistrial, and Appellant was tried again.

At the end of voir dire for the second trial, Appellant orally moved to exclude the letter. N.T. Trial, 9/24/13, at 207. The court held Appellant's motion under advisement. *Id.* at 210. Subsequently, the Commonwealth asked the victim to read the letter into the record without objection by Appellant. N.T. Trial, 9/25/13, at 65-68. At the close of the Commonwealth's case, the Commonwealth moved for the admission of all its exhibits and Appellant affirmatively indicated he had no objection. N.T. Trial, 9/27/13, at 23-24.

The jury found him guilty of the above charges. On January 10, 2014, the court sentenced Appellant to an aggregate sentence of twenty-six to fifty-two years' imprisonment followed by a consecutive sentence of seventeen years' probation. The aggregate sentence included a consecutive sentence of four to eight years' imprisonment for aggravated indecent assault of a person less than thirteen years of age and a consecutive sentence of five years' probation for indecent assault of a person less than thirteen years of age.

On January 16, 2014, Appellant filed a post-sentence motion, which only challenged his aggregate sentence as excessive. The court denied Appellant's motion on January 28, 2014, and Appellant timely appealed on February 5, 2014. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

*Commonwealth v. Parker*, 438 EDA 2014, at *2-3 (Pa. Super. July 14, 2015) (unpublished memorandum) (footnote omitted). In reviewing Appellant's evidentiary challenge permitting the introduction of the Victim's letter to Appellant, this Court found the issue waived because trial counsel failed to object to its admission. *Id.* at *5. Further, we stated that regardless,

"the grant of a new trial 'wipes the slate clean,' so that a previous court's ruling on the admissibility of evidence generally does not bind a new court upon retrial . . . ." *Id.* (citing **Commonwealth v. Paddy**, 800 A.2d 294, 311 (Pa. 2002)). This Court affirmed Appellant's judgment of sentence, and on March 23, 2016, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Parker**, 125 A.3d 448 (Table).

On April 21, 2016, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed, and filed an amended petition on March 28, 2017. On August 28, 2017, the Commonwealth filed a motion to dismiss Appellant's PCRA petition. Appellant's counsel subsequently filed a motion to withdraw on October 25, 2017, and the PCRA court issued notice pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure the next day. Before the PCRA court could rule on counsel's motion to withdraw, private counsel entered an appearance for Appellant. Private Counsel filed a second amended PCRA petition on January 29, 2018, and the PCRA court again issued Rule 907 notice.

On March 27, 2018, different private counsel entered appearance as substitute counsel. The PCRA court reissued its Rule 907 notice, and on August 24, 2018, Appellant filed a *pro se* supplemental PCRA petition. The PCRA court formally dismissed Appellant's petition on August 29, 2018. Appellant timely appealed.

- 4 -

On November 26, 2018, Appellant filed an application for relief in this Court, seeking to proceed *pro se* based on abandonment of appellate counsel. We issued an order remanding the case back to the PCRA court for a **_Grazier_**[3] hearing. Following the hearing, the PCRA court granted Appellant *pro se* status and transmitted the case back to this Court.

Beginning on April 9, 2019, Appellant filed at least nine motions in this Court seeking leave to raise two additional claims in his PCRA petition. We denied all of Appellant's requests for relief. Thereafter, beginning on April 15, 2020, Appellant filed several applications for bail citing concerns related to the novel coronavirus, COVID-19. We denied these requests.[4, 5]

Appellant presents three issues for our review:

(A)  Was trial counsel ineffective for failing to object to the admissibility of hearsay evidence?

(B)  Was trial counsel ineffective in advising Appellant regarding the Commonwealth's plea offer?

(C)  Was trial counsel ineffective for failing to object during the Commonwealth's opening statement, in which it stated that Appellant "became threatening towards" the victim's mother?

---

[3] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

[4] Appellant's application for bail filed in this Court on September 18, 2020 is likewise denied.

[5] On October 19, 2020, Appellant filed a motion for an extension of time to file a reply brief, and contemporaneously with this motion, attached the reply brief. We grant Appellant's motion and accept as timely Appellant's reply brief filed on October 19, 2020.

Appellant's Brief at 8 (restated for clarification).

We begin with our standard of review:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

Appellant's three issues assail the effectiveness of trial counsel. With respect to ineffective assistance of counsel claims, our Supreme Court has explained:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the *Pierce* elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

In his first issue, Appellant argues that trial counsel was ineffective for failing to object to the admissibility of a letter written by the Victim about the sexual assaults committed by Appellant. The Victim wrote the letter at the suggestion of her therapist several years after the assaults. Appellant complains that the letter is hearsay, and not subject to any exception, because "her emotion was not shown in a natural matter [*sic*]. Her words were not instinctive." Appellant's Brief at 14.

Pennsylvania Rule of Evidence 801 defines hearsay as follows:

Rule 801. Definitions That Apply to This Article

(a)   Statement. "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

(b)   Declarant. "Declarant" means the person who made the statement.

(c)   Hearsay. "Hearsay" means a statement that

(1)   the declarant does not make while testifying at the current trial or hearing; and

(2)   a party offers in evidence to prove the truth of the matter asserted in the statement.

Pa.R.E. 801(a)-(c)(1–2).

Hearsay is generally inadmissible unless: (1) an exception applies; or (2) the statement qualifies as "non-hearsay." Pa.R.E. 802; *Commonwealth v. Puksar*, 740 A.2d 219, 225 (Pa. 1999). A hearsay exception cannot serve

- 7 -

merely "as a conduit to support the admission of fact-bound evidence to be used for a substantive purpose." *Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007). However, one of the exceptions to the rule against hearsay is the state of mind exception:

> A statement of the declarant's then-existing state of mind (such as motive, intent or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Pa.R.E. 803(3).

Although Appellant alleges the Victim's letter was hearsay not subject to any exception, we conclude that the letter was admissible under the state-of-mind exception. The letter was used to rebut the defense's theory that the Victim lied about the sexual abuse to support her mother's resentment toward Appellant for not paying child support. Specifically, defense counsel made the following argument at trial:

> In fact, a few months before this happens, before the disclosure comes out, the court had told [the Victim's mother] that [Appellant], who had been paying child support until about 2010, no longer had to pay because of the injury that disabled him. That happened three months before these allegations come out.

N.T., 9/25/13, at 32. Later, defense counsel again called into question the Victim's motivation in disclosing the abuse by asking the jury to focus on "the relationships between these people, because those relationships are key. When you analyze the relationships with the timing, with the – all with the strangeness of the timing, the strangeness of the disclosure, the out-of-the-

blue nature of it . . . you will come to the conclusion that [Appellant] is not guilty." *Id.* at 35-36.

As discussed above, the "state of mind" exception applies to the declarant's state of mind, emotion, sensation or physical condition such as intent, plan, motive, design, mental feeling, pain, and bodily health. *See* Pa.R.E. 803(3). Here, the Victim's letter was offered as evidence of her motive, *i.e.*, state of mind, in reporting the sexual assault. The letter detailed the "pain and guilt" the Victim felt as a result of the sexual assaults, and explained how the incidents "messed up [her] whole life." N.T., 9/25/13, at 66-67. The Victim's letter was used to establish her state of mind and rebut the defense's theory as to what motivated her to report the sexual assaults. Thus, Appellant's first issue lacks merit.

In his second issue, Appellant asserts that trial counsel was ineffective in failing to advise him regarding a plea offer made by the Commonwealth. Trial counsel conveyed a plea offer of two and a half to five years of incarceration plus five years of probation to Appellant; however, at trial, the Commonwealth clarified that the offer was actually two to four years of incarceration, plus 6 years of probation. Appellant's Brief at 21; *see also* N.T., 9/24/13, at 11-12. Appellant alleges that trial counsel was ineffective for failing to request a continuance to discuss the advantages and disadvantages of the plea offer. *Id.* Further, Appellant suggests that because he was under the influence of Percocet and a muscle relaxer at the time of trial, his rejection of the plea was not voluntary or knowing. *Id.* at 12.

The requirement that counsel be effective extends to the plea bargaining process. Accordingly, trial counsel has an affirmative duty to communicate all plea offers to his client. *See Missouri v. Frye*, 566 U.S. 134, 132 S.Ct. 1399, 1408 (2012). A PCRA petitioner who claims that counsel was ineffective for failing to communicate a plea offer still must demonstrate that he was prejudiced by counsel's failure to communicate the offer. *Id.* at 1409–10.

In rejecting this issue, the PCRA court explained:

. . . Appellant's pretrial [plea] offer claim of ineffectiveness must fail. Appellant was colloquied regarding the offer and his rejection of the same:

DEFENSE ATTORNEY: In terms of the offer Your Honor, or in terms of what –

THE COURT: yes.

DEFENSE ATTORNEY: [Appellant], how old are you?

[APPELLANT]: Thirty-three.

DEFENSE ATTORNEY: All right. And how far did you go in school?

[APPELLANT]: All the way to 12th grade.

DEFENSE ATTORNEY: Okay. And do you read, write and understand the English language?

[APPELLANT]: I do.

DEFENSE ATTORNEY: Have you ever been diagnosed with mental health issues?

[APPELLANT]: No.

DEFENSE ATTORNEY: Are you currently taking any medication?

[APPELLANT]: No.

DEFENSE ATTORNEY: Okay.

[APPELLANT]: Just for my back pain.

DEFENSE ATTORNEY: Back medication. What is that medication?

[APPELLANT]: Percocet and an (inaudible).

DEFENSE ATTORNEY: Okay. And how often do you take it?

[APPELLANT]: As needed.

DEFENSE ATTORNEY: Have you taken it today?

[APPELLANT]: This morning, yes.

DEFENSE ATTORNEY: Okay. And does that medication – that medication is prescribed by a doctor?

[APPELLANT]: That's correct.

DEFENSE ATTORNEY: Okay. And does that medication affect your ability to understand what's going on today?

[APPELLANT]: No.

DEFENSE ATTORNEY: Okay. [Appellant], you understand the charges brought by the Commonwealth today?

[APPELLANT]: I do.

DEFENSE ATTORNEY: You are being charged with rape and similar charges. Because the witness – the victim, the alleged victim in this case is a minor younger than 13 when the allegations – because the complainant in the case was under 13 at the time of this alleged allegation, if a jury found you guilty of rape and involuntary deviate sexual intercourse, you would be subject to a mandatory minimum. And that mandatory minimum is ten to twenty years incarceration. Do you understand that?

[APPELLANT]: I do.

DEFENSE ATTORNEY: Okay. And the Commonwealth had previously – we spoke about an offer the Commonwealth has conveyed is for two and a half to five years in State incarceration—

THE COMMONWEALTH: Two to four years.

DEFENSE ATTORNEY: Two to four years?

THE COMMONWEALTH: Two to four years plus six years.

DEFENSE ATTORNEY: Two to four years of state incarceration. Followed by six years of reporting probation. So the offer that I previously – you understand that offer?

[APPELLANT]: I do.

DEFENSE ATTORNEY: The offer that I had previously conveyed to you that I had notated in my file was two and a half to five years plus five years of reporting probation after it.

[THE APPELLANT]: Okay.

DEFENSE ATTORNEY: Okay. Do you want some time to speak about that new offer?

[APPELLANT]: No.

DEFENSE ATTORNEY: Okay. My understanding is that you are rejecting that offer?

[APPELLANT] That's correct.

DEFENSE ATTONEY: Okay. Has anyone forced or threatened you to make your decision?

[APPELLANT]: No.

DEFENSE ATTONEY: Or promised you anything to make that decision?

[APPELLANT]: No.

DEFENSE ATTONEY: Are you choosing to reject that offer of your own free will?

[APPELLANT]: I am.

DEFENSE ATTONEY: Is the court satisfied?

THE COURT: That's fine.  You're satisfied with your attorney?

[APPELLANT]: I am, ma'am.

\*     \*     \*

[N.T., 9/24/13, at 9-12].  Appellant was specifically asked if the Percocet impacted his ability to understand to which he replied "No."  The previous and revised plea offers were addressed, with Appellant rejecting the opportunity to discuss further with trial counsel.  Appellant acknowledged that he was not forced, threatened or promised anything surrounding his decision to reject the plea offer and that it was of his own free will.  Finally, Appellant confirmed he was satisfied with his attorney.  The trial record belies Appellant's claim of ineffectiveness pertaining to the pretrial offer.  This is a frivolous claim, and no relief is due.

PCRA Court Opinion, 9/19/19, at 5-8 (some citations omitted).

We have reviewed the certified record, the briefs of the parties, and the applicable law, and conclude that the PCRA court's determination is free of error.  We therefore adopt the PCRA court's capable analysis disposing of Appellant's issue as set forth in its September 19, 2019 opinion.

In his third and final issue, Appellant argues that trial counsel was ineffective for failing to object to a remark the prosecutor made during opening statements.  In particular, Appellant complains that the prosecutor made a prejudicial remark when it stated that Appellant "became threatening towards" the Victim's mother.  Appellant's Brief at 23-25; ***see also*** N.T., 9/25/13, at 22.  Appellant contends that this isolated remark was a "highly

- 13 -

prejudicial personal opinion" that "intrud[ed] upon the jury's exclusive function of evaluating the credibility of" Appellant. *Id.* at 23.

A "prosecutor must be free to present his or her arguments with logical force and vigor," and, as such, this Court has permitted prosecutorial advocacy "as long as there is a reasonable basis in the record for the [prosecutor's] comments." *Commonwealth v. Robinson*, 864 A.2d 460, 516–17 (Pa. 2004). Prosecutorial comments based on the evidence or reasonable inferences therefrom are not objectionable, nor are comments that merely constitute oratorical flair. *Commonwealth v. Tedford*, 960 A.2d 1, 33 (Pa. 2008). Further, the prosecution must be permitted to respond to defense counsel's arguments. *Id.* Any challenged prosecutorial comment must not be viewed in isolation, but must be considered in the context in which it was offered. *Robinson*, 864 A.2d at 517.

We recognize that it is improper for a prosecutor to offer his or her personal opinion as to the guilt of the accused or the credibility of any testimony. *Commonwealth v. DeJesus*, 860 A.2d 102, 112 (Pa. 2004). However, it is well within the bounds of proper advocacy for the prosecutor to summarize the facts of the case and ask the jury to find the accused guilty based on those facts. *See id.*

The standard by which the court considers allegations of improper prosecutorial comments is as follows:

> Comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that

they could not weigh the evidence objectively and render a fair verdict.

*Tedford*, 960 A.2d at 33 (citation omitted).

Appellant is not entitled to relief. First, with respect to opening statements, the trial court instructed the jury that opening statements and argument of counsel do not constitute evidence. N.T., 9/25/13, at 16-17. "The jury is presumed to have followed the court's instructions." *Commonwealth v. Flor*, 998 A.2d 606, 632 (Pa. 2010). Second, the theory Appellant presented in defense of the charges was that the Victim was not credible because she delayed reporting the abuse. *See* N.T., 9/25/13, at 31 ("[W]hy did it take seven years? Why did she report it after seven years? You're going to hear that because the allegations are roughly from around 2004 to 2005, when it supposedly happened, when the story says that it happened. Not until 2011 does this disclosure happen."). However, it is well settled that the Commonwealth may introduce evidence of a defendant's physical violence or threats against the victim's family to explain a delay in reporting a sexual abuse. *Commonwealth v. Dillon*, 925 A.2d 131, 139-40 (Pa. 2007). Accordingly, there is no merit to Appellant's claim of trial counsel's ineffectiveness for not objecting to the prosecutor's opening remark.

In sum, Appellant's ineffectiveness issues do not warrant relief and the PCRA court properly dismissed Appellant's PCRA petition. Accordingly, we affirm the PCRA court's order.

Order affirmed.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/20