J-A01045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
Appellant   :
:
:
:
v.   :
:
:
:
BRYAN  PERRY   :   No. 184 MDA 2021

Appeal from the Order Entered December 23, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002139-2011

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.   :
:
:
:
BRYAN  PERRY   :
:
Appellant   :   No. 185 MDA 2021

Appeal from the Order Entered December 23, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002139-2011

BEFORE:  LAZARUS, J., NICHOLS, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:        **FILED: MARCH 10, 2022**

The Commonwealth of Pennsylvania and Bryan Perry cross appeal from the December 23, 2020 order, entered in the Court of Common Pleas of Dauphin County, granting Perry's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, vacating Perry's March 19,

2012 judgment of sentence, and granting a new trial.[1]  After careful review, and with the benefit of a developed record, we affirm.

The Commonwealth presents the following issues for review:

Whether the PCRA court erroneously granted [Perry's] PCRA petition where [Perry] failed to prove by a preponderance of the evidence that appellate counsel rendered ineffective assistance of counsel by not raising the claim of the jury receiving unmarked evidence during its deliberations?

Commonwealth's Brief, at 4.

In his cross appeal, Perry raises the following issue:

[Whether] the PCRA Court [erred] in setting the matter for retrial because the Double Jeopardy Clause bar[s] retrial under these circumstances?

Cross-Appellant's Brief, at 1.

We begin with the lengthy procedural history of this case.   On November 15, 2011, a jury convicted Perry of one count of criminal attempt to commit homicide, 18 Pa.C.S.A. §§ 901(a), two counts of aggravated assault, *id.* at § 2702(a)(1), carrying a firearm without a license, *id.* at § 6106(a)(1), persons not to own or possess firearms, *id.* at § 6105(a)(5), and recklessly endangering another person ("REAP"), *id.* at § 2705.   Perry was originally sentenced on January 27, 2012, but the court granted, in part, his post-

---

[1] These cross appeals have been consolidated *sua sponte*.  **See** Order 2/24/21. **See also** Pa.R.A.P. 513.

sentence motion for modification of his sentence on March 15, 2012 and subsequently imposed an aggregate term of 25 to 50 years' imprisonment.

Following his conviction, Perry reviewed the trial transcript and discovered the jury had unmarked evidence with it in the deliberation room. The following exchange occurred at 12:17 p.m. in the jury deliberation room, outside the presence of counsel:

> The Court: Instead of dragging you all down, I figured I'd come up. I have your request to see both 9-1-1 transcripts. You have a copy?
>
> A voice: No. this is the only thing we got.
>
> The Court: You weren't even supposed to get that. They weren't marked as part of the evidence. So whatever's marked as evidence comes up to you. Otherwise, you have to just use your recollection ad recall based on the trial. So that's the answer. All right? Thank you, ladies and gentlemen.

N.T. Trial, 11/15/11, at 164. The trial court did not inform defense counsel or the Commonwealth that the jury had unmarked evidence with it in the deliberation room.

Represented by Andrea Haynes, Esquire (Appellate Counsel), Perry filed a direct appeal to this Court. Perry claimed that after his conviction he reviewed the trial transcript, pointed out the above-quoted exchange to Appellate Counsel and asked her to pursue the matter on direct appeal. On direct appeal, however, Appellate Counsel raised just one sentencing issue. This Court affirmed Perry's judgment of sentence, finding that his challenge to the discretionary aspects of his sentence did not raise a substantial

question. **Commonwealth v. Perry**, 656 MDA 2012 (Pa. Super. filed Dec. 20, 2012) (unpublished memorandum decision). Perry did not seek allowance of appeal in the Pennsylvania Supreme Court.

On November 8, 2013, Perry filed a timely *pro se* PCRA petition, raising for the first time the issue of the jury receiving unmarked evidence during deliberations. Perry claimed Deanna Muller, Esquire (Trial Counsel), was ineffective for failing to object when the jury received this evidence. The PCRA court appointed counsel, who filed an amended petition raising these claims.

On April 16, 2014, the Honorable Deborah E. Curcillo held an evidentiary hearing. Trial Counsel and Perry both testified, but there was no mention of Appellate Counsel's ineffectiveness. On May 14, 2014, the court dismissed Perry's PCRA petition. On appeal, Perry raised the issue of whether Appellate Counsel was ineffective for failing to raise the issue of the unmarked evidence on direct appeal. On December 30, 2014, this Court vacated the May 14, 2014 order, and remanded to the PCRA court for an evidentiary hearing on the issue of whether Appellate Counsel was ineffective for failing to raise on direct appeal the issue of the jury's receipt of unmarked evidence on direct appeal. **Perry**, **supra**. We stated:

> Perry's claim that [Appellate Counsel] was ineffective for failing to raise, on direct appeal, the jury's receipt of unmarked evidence cannot be resolved on the certified record. As recognized by the PCRA court, this issue was not pursued or addressed at the evidentiary hearing. **See** PCRA Court Pa.R.A.P. 1925(a) Opinion, 6/30/14, at 2. Our review of the certified record discloses that [Appellate Counsel] did not testify at the evidentiary hearing, and

the record is devoid of her response to Perry's claim that he had informed her of the jury's receipt of unmarked evidence. ***See id.*** at 3. Nevertheless, the PCRA Court acknowledged that this claim was addressed in Perry's briefs following the evidentiary hearing. ***See id.*** Where a petitioner has presented a claim to the PCRA court and that court has not addressed it, a remand is appropriate where the claim cannot be resolved on the record. ***See id.*** "[P]articularly in close cases, a developed post-conviction record accompanied by specific factual findings and legal conclusions is an essential tool necessary to sharpen the issues." ***Commonwealth v. Gibson***, 951 A.2d 1110, 1121-22 (Pa. 2008) (vacating an award of a new penalty hearing and remanding for further proceedings). Thus, we vacate the Order of the PCRA court and remand this matter to the PCRA court to conduct an evidentiary hearing on the issue of whether [Appellate Counsel] rendered ineffective assistance by failing to raise, on direct appeal, the jury's receipt of unmarked evidence.

***Id.*** at *6-7.

On February 4, 2015, the PCRA court conducted an evidentiary hearing. Appellate Counsel was unable to attend due to a family emergency, ***see*** N.T. PCRA Hearing, 2/4/15, at 3, and the PCRA court requested Trial Counsel appear and testify on behalf of Appellate Counsel. At the conclusion of the hearing, the PCRA court found Appellate Counsel was ineffective and, on February 11, 2015, the PCRA court granted Perry's petition and reinstated his direct appeal rights. Both the Commonwealth and Perry filed timely notices of appeal challenging the PCRA court's order, and both parties complied with the ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) ("where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases.").

On December 14, 2015, this Court vacated the PCRA court's order finding Appellate Counsel was ineffective. *See Commonwealth v. Perry*, 128 A.3d 1285 (Pa. Super. 2015). Therein, we stated:

[T]he court relies entirely upon trial counsel's testimony at the PCRA hearing, wherein trial counsel purported to concede that appellate counsel was ineffective. Trial counsel's opinion of her colleague's effectiveness is irrelevant. Trial counsel had no idea why appellate counsel neglected to raise the unmarked evidence issue. Trial counsel simply pronounced appellate counsel's ineffectiveness based upon the former's review of the trial transcript. . . . **Stated simply, the record before us is devoid of any evidence to overcome the presumption that counsel was effective. Perry's failure to demonstrate that appellate counsel had no reasonable basis for her actions is fatal to his [ineffectiveness] claim**.

*Id.* at 1290 (emphasis added).[2]  The Honorable Eugene B. Strassburger filed

a concurring and dissenting opinion.[3]   Perry filed a petition for allowance of

_____

[2]  In a footnote, we added that Perry failed to demonstrate prejudice. "Because the transcript does not disclose, and the trial court cannot remember, what unmarked evidence the jury had with it in the deliberation room, we fail to understand how the PCRA court concluded that appellate counsel's failure to raise the unmarked evidence issue caused Perry prejudice."  *Id.* at n.3. Additionally, we stated that, "[c]onfusingly, in response to Perry's assertion that the trial court erred by not informing the parties that the jury had unmarked evidence in the deliberation room, the court explained that the unspecified evidence was not prejudicial."  *Id.*, citing Trial Court Opinion, 3/20/15, at 9–10 ("[H]ad the evidence that the jury saw been prejudicial, we would have immediately informed counsel of the issue rather than merely tak[ing] the evidence from the jury room.  Perhaps we erred in judgment in not informing counsel, but as it did not appear to be a highly prejudicial event we chose not to.").  Notably, the trial court also stated that, "after a thorough review of the transcripts, testimony at the PCRA hearings[,] and the rest of the record, this [c]ourt cannot recall what piece of evidence it referred to during the conversation with the jury[.]" *Id.* at 9.

[3] Judge Strassburger opined that the PCRA court, by allowing the hearing to proceed without Appellate Counsel, did not comply with this Court's remand order:

> [T]he PCRA court was immediately made aware of the fact that appellate counsel was not present for the hearing because, *inter alia*, she had a family emergency.  At that point, the PCRA court knew or should have known that it could not comply with this Court's instructions. Rather than postponing or continuing the hearing, the court held a hearing without appellate counsel and granted Perry relief in the form of reinstatement of his appellate rights. Because the PCRA court failed to follow this Court's directions on remand, I would vacate the PCRA court's most recent order and remand the matter with directions to hold an evidentiary hearing in compliance with this Court's previous Memorandum.

*Id.* at 1292 (footnotes omitted).

appeal, which was denied. ***Commonwealth v. Perry***, 141 A.3d 479 (Pa. 2016) (Table).

On August 11, 2016, Perry filed for a writ of habeas corpus in federal district court. On February 4, 2019, the Middle District Court of Pennsylvania granted Perry's writ of habeas corpus in part.[4] ***Perry v. Overmyer***, 2019 WL 430928 (M.D. Pa. 2019). The District Court quoted this Court's decision at length, and Judge Strassburger's Concurring and Dissenting Opinion in full, and concluded that because Appellate Counsel was not present at the PCRA hearing,

> "**the state courts never heard any testimony from [A]ppellate [C]ounsel as to why she neglected to raise the unmarked evidence issue, and did not have the benefit of this crucial testimony in determining whether [A]ppellate [C]ounsel was ineffective in this regard**. As such, because the state court record is undeveloped as to this issue, this Court is unable to determine whether [A]ppellate [C]ounsel's performance was deficient under ***Strickland***.[5] Consequently, the habeas petition will be granted on this claim and this matter will be remanded to the state PCRA court to conduct an evidentiary hearing to determine whether [A]ppellate [C]ounsel [] was ineffective by failing to raise, on direct appeal, the jury receipt of unmarked evidence. At this hearing, appellate counsel's testimony is required in order to fully develop this issue.

---

[4] ***See infra*** n. 6.

[5] ***Strickland v. Washington***, 466 U.S. 668 (1984).

*Id.* at *15 (emphasis added).[6]  ***See Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (recasting two-factor **Strickland** ineffectiveness test to require petitioner establish: (1) underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as result of counsel's error such that there is reasonable probability that result of proceeding would have been different absent such error).

On November 4, 2019, Judge Curcillo appointed PCRA counsel for Perry and scheduled a hearing for November 26, 2019.  Perry appeared via video and Appellate Counsel was available to testify.  Prior to the start of the hearing, Perry stated he wanted to represent himself; he also stated that he was in the process of hiring private counsel.  The court ordered a **Grazier**[7] hearing and, at the conclusion of that hearing, the court granted Perry's request to proceed *pro se*.  **See** N.T. Hearing, 11/26/19, at 3-10.  Thereafter, on August 3, 2020, Perry, through counsel, Nathan Fulk, Esquire, filed a motion for recusal and a motion for a PCRA evidentiary hearing.  Judge Curcillo

---

[6] The District Court also granted Perry's habeas petition on his claim that Appellate Counsel was ineffective for failing to raise on direct appeal the issue of whether his aggravated assault and criminal attempt to commit homicide convictions should have merged for sentencing purposes.  **See Perry v. Overmyer**, **supra** at *15.  This issue is not before us.  The District Court denied the remainder of Perry's claims.

[7] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) (when waiver of the right to counsel is sought at post-conviction and appellate stages, on-the-record determination should be made that waiver is knowing, intelligent, and voluntary).

granted the motion for recusal on August 6, 2020 and the case was reassigned to the Honorable William T. Tully. Judge Tully scheduled an evidentiary hearing for November 17, 2020.[8]

At the evidentiary hearing, Perry was represented by Attorney Fulk. Appellate Counsel appeared via video. Appellate Counsel testified that she began representing Perry after Trial Counsel filed a notice of appeal and that she raised only the issue of excessive sentencing on direct appeal. *See* N.T. PCRA Hearing, 11/17/20, at 8. Appellate Counsel also stated that she did not think Trial Counsel was aware of the jury issue and, therefore, her (Appellate Counsel) review of the trial transcript would have been the first opportunity to raise the issue of the jury receiving unmarked evidence. *Id.* at 10-11. Although Appellate Counsel stated that she was unaware of the nature of that unmarked evidence, she testified that she should have raised it on appeal or at least notified the trial court. *Id.* at 10-11, 17. Appellate Counsel stated: "It would have been my job as the appellate counsel to review the transcript. That's something I should have noticed and raised, and I did not." *Id.* at 16.

---

[8] Judge Tully stated in his opinion that after a review of the record and the physical docket, he could not "determine why there was a nine (9) month delay in complying with the Middle District [Court's] February 4, 2019 [o]rder." *Id.* at 6. Judge Tully noted that the February 4, 2019 opinion and order "was not docketed by the Dauphin County Clerk of Courts. At the November 17, 2020 evidentiary hearing, [the prosecutor] stated that he emailed a copy of the Middle District's Memorandum Opinion and Order to all interested parties when he received it in February 2019, but did not hear back in a timely manner." *Id.* at 6 n.17. Judge Tully also stated that after Judge Curcillo granted the recusal motion, the case was reassigned to him on September 23, 2020. However, Judge Tully "was not notified of the reassignment until chambers was contacted by defense counsel." *Id.* at 7.

Appellate Counsel further testified that had she raised the issue, she would have presented it as a due process violation, arguing that the unmarked evidence was presented to the jury without counsel's knowledge and that the trial court erred in failing to inform counsel that the jury had received unmarked evidence. *Id.* at 28.

The PCRA court analyzed this claim and concluded Appellate Counsel was ineffective in failing to notice the relevant passage in the trial transcript. The PCRA court acknowledged that there is no record of what unmarked evidence the jury received. Whether that evidence was inconsequential or prejudicial is unknown,[9] and, therefore, the PCRA court found Perry's claim had arguable merit. Further, Appellate Counsel acknowledged that she "missed" or did not notice the relevant passage in the trial transcript, and that she would have been the one responsible to recognize and raise that issue. *Id.* at 15. The PCRA court, therefore, found Appellate Counsel had no reasonable basis for failing to raise the claim on direct appeal. Finally, the

_____

[9] In her Rule 1925(a) opinion, Judge Curcillo states:

> [W]e firmly believe that had the evidence that the jury saw been prejudicial we would have immediately informed counsel of the issue rather than merely take the evidence from the jury room. Perhaps we erred in judgment in not informing counsel, but as it did not appear to be a highly prejudicial event we chose not to.

Rule 1925(a) Opinion, 6/30/14. For purposes of our review, this statement is not determinative. Resolution of whether the evidence was prejudicial was out of reach for the PCRA court. This Court cannot review speculation.

PCRA court found that had Appellate Counsel raised the claim on direct appeal, there is a reasonable probability that the outcome would have been different.

> **With the benefit of a fully developed record close in time to when the trial occurred, the Superior Court could have either decided that the record clearly showed [Perry] was entitled to a new trial, or remanded the matter for further proceedings**. Further, the trial court would have had the opportunity to determine what the evidence may have been at a time closer to the event. Trying to reconstruct what occurred during trial nine (9) years later was almost an impossible task. Therefore, we must conclude that [Perry] suffered prejudice as a result of [Appellate Counsel's] failure to raise the issue on direct appeal.

Trial Court Opinion, 12/23/20, at 12 (emphasis added). The PCRA court, therefore, vacated Perry's judgment of sentence and remanded for a new trial.[10]

On appeal, the Commonwealth argues the PCRA court erred in finding Appellate Counsel ineffective because Perry cannot point to the evidence on which his claim rests. Commonwealth's Brief, at 12, On cross appeal, Perry claims the PCRA court erred in remanding for a new trial because retrial is barred by Double Jeopardy under these circumstances.

We review an order denying PCRA relief to determine whether the record supports the PCRA court's findings of fact, and whether its decision is free of

_____

[10] The PCRA court also heard testimony on the issue of whether Appellate Counsel was ineffective for failing to raise the sentencing/merger issue on direct appeal. **See supra** n. 6. The court found Appellate Counsel was ineffective on this claim as well. The Commonwealth has not appealed that issue here.

legal error. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). We view the evidence of record in a light most favorable to the prevailing party. ***Id.*** The PCRA court's credibility determinations, when supported by the record, are binding on this Court. ***Id.*** We review the PCRA court's legal conclusions *de novo*. ***Id.*** We further observe that this Court may affirm a valid judgment or order for any reason appearing of record. ***Id.***

Citing to Pa.R.Crim.P. 902(A)(12), the Commonwealth maintains that "factually[,]" Perry did not offer any proof of what the unmarked evidence at issue is "and will never be able to [do so]." ***Id.*** at 12-13. The logic of this argument is circuitous; moreover, it fails to appreciate Appellate Counsel's candid acknowledgement of her oversight as well as the trial court's admitted error in judgment in failing to inform defense counsel or the district attorney that the jury had unmarked evidence during deliberations. While this Court's decision in ***Perry*** did not establish a blanket rule requiring a PCRA petitioner to call counsel whose effectiveness is being challenged, we did find that without Appellate Counsel's testimony, the PCRA court was unable to determine whether counsel had a reasonable basis for her actions, which was fatal to Perry's ineffectiveness claim.[11] ***See Perry***, 128 A.3d at 1290 ("Instantly, Perry failed to demonstrate that appellate counsel lacked a reasonable basis for failing to assert on appeal that Perry was entitled to a

---

[11] Because this Court determined Perry's failure to establish the reasonable basis prong was fatal to his ineffectiveness claim, we find this Court's footnoted discussion of the prejudice prong non-precedential dictum. ***See supra*** n.2; ***see also Perry***, 128 A.3d at 1290 n.3.

new trial because the jury had access to unmarked evidence during its deliberations. Because appellate counsel was not present at the evidentiary hearing, the PCRA court was left to speculate as to whether counsel declined to pursue this issue as a matter of strategy, or, by contrast, whether counsel negligently overlooked it.").

"[A]t a minimum, to establish the reasonable basis prong, a PCRA petitioner must prove that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Johnson**, 139 A.3d 1257, 1276 (Pa. 2016) (citations omitted). "It is [petitioner's] burden to elicit counsel's reasons, and to demonstrate that the chosen course of action by counsel was objectively unreasonable in light of the alternatives." **Id.** Instantly, with the record of Appellate Counsel's testimony, we agree with the PCRA court. Perry has now met his burden of establishing that there was no reasonable basis for Appellate Counsel's failure to raise the issue on direct appeal. **Id.**; **Mason**, **supra**.

We also agree with the PCRA court's determination that Perry was prejudiced. To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. King**, 57 A.3d 607, 613 (Pa. 2012). Admittedly, the fact that there is no record or memory of the unmarked evidence leaves a vacuum in the analysis. The possibility that it was prejudicial is just as likely as the possibility that it was inconsequential.

However, it is clear that had Appellate Counsel raised the issue on direct appeal, the trial court, in its Rule 1925(a) opinion, or this Court on review, would have had the opportunity to understand the nature of the unmarked evidence. Thus, there is a reasonable probability that the result of the proceeding on appeal would have been different. *Id.*

The PCRA court's finding are supported in the record. We find no error or abuse of discretion. *Mason*, *supra*.

In Perry's cross appeal, he argues the PCRA court's order granting him a new trial was barred by the double jeopardy clause because the trial court's actions "crossed the line into bad faith[.]" Cross-Appellant's Brief, at 6. Perry is not entitled to relief.

Perry relies on *Commonwealth v. Smith*, 615 A.2d 321 (Pa. 1992). In *Smith*, Upper Merion High School teacher Susan Reinert and her two young children were murdered in June, 1979. William Bradfield, who was her fiancé and fellow schoolteacher, and Smith, the principal of their school, allegedly had conspired to murder Reinert in order to recover the proceeds of insurance policies on her life that named her fiancé as beneficiary. *Id.* at 322. Following conviction, the Court found Smith was entitled to a new trial due to the admission of impermissible hearsay testimony. Prior to retrial, Smith sought a bar on double jeopardy grounds, based on after-discovered evidence, claiming the prosecution intentionally withheld exculpatory evidence. The Court concluded the prosecutorial misconduct in that case "implicates the

double jeopardy clause of the Pennsylvania Constitution." *Id.* at 325. The Court stated:

> We now hold that the double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant **not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.** Because the prosecutor's conduct in this case was intended to prejudice the defendant and thereby deny him a fair trial, appellant must be discharged on the grounds that his double jeopardy rights, as guaranteed by the Pennsylvania Constitution, would be violated by conducting a second trial.

*Id.* (emphasis added).

Perry argues the **Smith** Court recognized that the double jeopardy clause "covers misconduct both by the prosecutor and by the judge. **Id.** at 324, citing **United States v. Dinitz**, 424 U.S. 600, 611 (1976). Perry's recitation of the law is correct; however, he presents no support for his claim that the trial judge here intended to provoke a mistrial or engaged in conduct that came near to bad faith. Judge Curcillo acknowledged poor judgment, but there is nothing in the record to support a claim of bad faith.[12]

---

[12] Perry also refers to the unexplained delays in this case, which we have recounted above. *See supra*, n. 8. Though unexplained, there is nothing in the record, or in Perry's argument, that suggests the delays were intentionally caused by Judge Curcillo.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2022